Opinion by
White, P. J.
§ 28. Pleading; petition; description of corporation defendant. Appellee’s petition alleged that appellant was a company, but nowhere mentioned the individuals composing said company, except that it alleged that J. G-ould was the president thereof. . Appellant excepted specially to the petition, that it did not describe defendant as such *33 person or body corporate as may be sued in such manner as here attempted. The exception was overruled. Held, error. A description of the defendant as the Missouri & Pacific Railway Company, giving the name of the presi* dent, does not raise the presumption that it was an incorporated company. The jurisdiction of the county court obtains by virtue of the fact that the defendant is a resident of the county of the suit; or, by reason of the exceptions named in article 1198, R. S., or by i-eason that the defendant is a corporation. [Ward v. Lathrop, 4 Tex. 180; Briggs v. McCullough, 36 Cal. 642; Life Ins. Co. v. Davidge, 51 Tex. 244.]
§ 2 9. Common carrier; proof of liability of for goods lost. In an action against a common carrier to recover the value of property losV to authorize a recovery the plaintiff must prove: 1st. That the defendant was a common carrier. 2d. That the property was received as freight by defendant. 3d. That the defendant failed to deliver the property at the place of destination. [And 4th. The market value of the property at the place of destination at the time it should have been delivered.—■ Reporter.)
§ 80. Pleading; petition in action against common carrier for loss of property; distinction between liability as common carrier and warehouseman. This suit was brought by appellees against appellant as a common carrier to recover the value of cotton alleged to have been shipped on appellant’s road and not afterwards delivered to appellees. The petition alleged substantially that the cotton was delivered to appellant on its platform, it being the custom of said company at 'that point to receive freight on its platform, and that by reason of said custom appellees delivered said cotton on defendant’s platform without demanding or receiving a bill of lading or receipt for the same. Appellant excepted to the sufficiency of the petition because it failed to show that the cotton was received by the company in such manner as that the relation of common carrier thereof attached, but, on the *34 contrary, that the facts alleged in the petition clearly negatived that it was so received. The exception was overruled. Held, error. “The duties and liabilities of carriers in this state shall be the same as are prescribed by common law, and the remedies against them shall be the same, except where otherwise provided by this title.” [E. S. art. 277.] Evidently it was intended by the provisions of this title, following the one just cited, to prescribe and regulate the duties and liabilities of carriers more specifically and differently, in some respects, than they are prescribed and regulated by the common law. [E. S. arts. 278 to 283, inclusive.] In this case the cotton was placed by appellees on appellant’s platform, but no receipt or bill of lading was given for it by appellant. While on the platform it was consumed by fire. The proviso in article 283, E. S., is: “provided, that the trip or voyage shall be considered as having commenced from the time t>f signing the bill of lading, and the liability of the common carrier shall attach, as at common law, from and after such signing.” The converse of the proposition is unquestionably true; that is, that the liability of the common carrier, as at common law, shall not attach before the signing of the bill of lading, nor shall the voyage be considered as having commenced until the signing of said bill. If the company has a depot or warehouse’ for storing goods, it is responsible for all goods in its care as a warehouseman, as at common law, until the commencement of the trip or voyage. [E. S. art. 281.] In this case, upon the facts alleged in the petition, appellant, if liable at all, was liable as a warehouseman, and not as a common carrier, and the action was improperly brought.
§31. Bill of lading; penalty for refusing to give. If a bill of lading of goods shipped is demanded of the common carrier’ and refused, the party injured by such refusal has his remedy in a penalty of not less than five, nor more than five hundred dollars.
§32. Custom; cannot modify a statute. Appellees contend that the alleged custom of appellant to receive cotton *35 on its platform should have the effect to take this case out of the operation of the statute requiring the signing of a bill of lading; citing in support of this position Pierce on Railroads, 426, and Judge Storr’s observations contained in a note thereto. But held, that a custom cannot change or modify the plain provisions of a statute^ and further, that in this case the evidence did not establish the alleged custom.
October 30, 1883.
Reversed and remanded.