(Decided 14th March, 1894.)

---

MARY DE CHARMS GARRISON and THOMAS GARRISON
*vs.* THOMAS HILL.

### *Construction of Will.*

W. devised property in trust for the separate use and benefit of E. during her life, with remainder over to her children should she have any; but if she should die without leaving a child, or children, or descendants of a child, living at the time of her decease, then to her brother, absolutely. The brother died before E. and she died without issue, having devised, after the payment of her debts and funeral expenses, all her property to her mother. HELD:

That the property passed to the heirs of the brother alive at the happening of the contingency—the death of E. without issue— and did not descend to E. at his death, and pass by her will to her mother, in that, as the contingency did not occur until after the death of the brother, she could not be heir, or take or transmit any interest in the estate by will or otherwise.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

*Exception.*—The testimony being closed on both sides, the plaintiffs offered the two following prayers:

1. It being admitted in this case that William Worthington Johnson died in October, 1886, without leaving any descendants living at the time of his death, and without leaving any brother or sister or child or children of any

pre-deceased brother or sister, then, after his death, by the true construction of the will of Maria E. Weise, read in evidence, the title to the real estate described in the declaration devolved upon his surviving sister, Emma M. C. Johnson, subject to be divested upon the contingency of the death of said Emma M. C. Johnson leaving a child or children or descendant of a child or children living at the time of her death; and if the jury shall find that the said Emma M. C. Johnson died without leaving any child or children or descendant of a child or children living at the time of her death, but leaving the last will and testament read in evidence; and if the jury shall further find that at the time of the execution of her said last will and testament, her mother, Maria M. Johnson, was alive, but that she died in the lifetime of said Emma M. C. Johnson, then, by the true construction of said last will and testament, the said real estate devolved upon such person as by the law of Maryland was the heir at law of said Maria M. Johnson at the time of the death of said Emma M. C. Johnson. And if the jury shall further find that the plaintiff, Mary DeCharms Garrison, is the daughter of David L. Kreider, brother of said Maria M. Johnson, and his wife, Rebecca Graham Kreider, and that at the time of the death of said Emma M. C. Johnson there was living no other nephew or niece of said Maria M. Johnson, then the plaintiffs are entitled to recover possession of the real estate described in the declaration, together with all the rents and profits thereof which have been collected by the defendant, Thomas Hill, since the death of said Emma M. C. Johnson, with interest, in the discretion of the jury, without any deduction whatever, except for such sum as the jury shall find the defendant paid for taxes down to the time when demand was made upon him by the plaintiffs for possession of the property.

2. That by the true construction of the will of Maria E. Weise, read in evidence, the estate thereby devised to

Garrison *vs.* Hill.

Thomas Hill in trust, was executed by the Statute of Uses, the life tenant, Emma M. C. Johnson, being an unmarried woman; that thereby the said Emma M. C. Johnson became the owner of the legal life estate therein, and the fee was vested in the heir at law of said Maria E. Weise. If the jury find that Maria M. Johnson was an aunt of said Maria E. Weise, and that at the time of the death of said Maria E. Weise there was living no brother or sister of said Maria M. Johnson, the said Maria M. Johnson was then the heir at law of said Maria E. Weise, in whom, under the Statute of Uses, the said fee simple was so vested. And if the jury shall further find that said Maria M. Johnson died in 1889, leaving her daughter, Emma M. C. Johnson, her only child surviving her, then the fee held by said Maria M. Johnson devolved upon said Emma M. C. Johnson, and that by the true construction of the last will of Emma M. C. Johnson, the legal title to said property passes to, such person, as by the law of Maryland was the heir at law of Maria M. Johnson at the time of the death of said Emma M. C. Johnson.

The defendant offered the five following prayers:

1. That if the jury find from the evidence that Maria E. Weise died leaving a last will and testament, by which she devised all the rest, residue and remainder of her estate, inclusive of the property described in the declaration, and being her house and lot of ground on Lexington street, next to the corner of Liberty and Lexington streets, to Thomas Hill, in trust for Emma M. C. Johnson for life, and in further trust, after the death of the said Emma, for any children of the said Emma, but in case the said Emma should die without leaving a child or children or descendant of a child living at the time of her decease, then to William Worthington Johnson, absolutely; and shall further find, that the said Emma M. C. Johnson did die without leaving a child or children or descendant of

a child living at the time of her death; and if they further find, that before the death of the said Emma M. C. Johnson the said William Worthington Johnson had died, then they must find that said property descended to those who were the heirs at law of the said William Worthington Johnson, immediately after the death of the said Emma M. C. Johnson, and that the said Emma M. C. Johnson was not the heir at law of the said William Worthington Johnson for the purpose of inheriting said property.

2. That if the jury shall find the facts mentioned in defendant's first prayer, and shall further find that at and after the death of the said Emma M. C. Johnson there was living no brother or sister, or no descendant of a brother or sister, or no father or mother of the said William Worthington Johnson, then they must find that said property descended to the grandfather of the said William Worthington Johnson on the part of the father, and if no such grandfather, then to the descendants of such grandfather, if any.

3. That the plaintiff cannot recover in this case, unless she shall show that at the time of the death of the said Emma M. C. Johnson, there was living no descendant of the grandfather of the said William Worthington Johnson on the part of the father.

4. That if the jury shall find from the evidence, that at the time of the death of Emma M. C. Johnson there was living Eliza P. Johnson, the daughter of James Wallis Johnson, a deceased brother of William Johnson, the deceased father of William Worthington Johnson, and also Henry M. Johnson, the grandson of the said James Wallis Johnson, then the plaintiff cannot recover, and their verdict must be for the defendant.

5. That there is no legally sufficient evidence in this case to entitle the plaintiff to recover.

The Court (PHELPS, J.) rejected the plaintiffs' prayers and granted the defendant's prayers, and instructed the

jury to render a verdict for the defendant, which the jury accordingly did, and judgment thereon was entered in favor of the defendant.

To the granting of the defendant's prayers, and to the rejection of the plaintiffs' prayers, and to the instruction of the Court to the jury to render their verdict for the defendant, the plaintiffs excepted, and took this appeal.

The cause was argued before ROBINSON, C. J., BRYAN, FOWLER, PAGE, ROBERTS, McSHERRY, BOYD and BRISCOE, J.

*Hyland P. Stewart* and *John Prentiss Poe, Attorney General*, for the appellants.

*Thos. Ireland Elliott* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal in an action of ejectment. The property sought to be recovered is real estate, situate on Lexington street, in Baltimore City, together with its rents and profits.

The main questions for our consideration arise upon a construction of the fifth item of the will of a certain Maria E. Weise, and the will of a certain Emma M. C. Johnson.

By the fifth clause of the will of Maria E. Weise, she devised as follows: " All the rest, residue, and remainder of my estate, effects, and property of every kind and description whatsover, inclusive of my house and lot of ground on Lexington street, I give, devise, and bequeath to Thomas Hill, of the City of Baltimore. In trust and special confidence, however, for the separate use and benefit of my cousin, the said Emma Maria C. Johnson, for and during the term of her natural life, so that she during that period be permitted and suffered to have, receive,

take and enjoy the rents, issues and profits of said residuary estate, and property, free from the control, power, or disposal of any future husband she may marry; and from and after the death of said Emma Maria C. Johnson, in trust, that the said residuum shall go to and become the property of any children of the said Emma Maria C. Johnson, their heirs and assigns, absolutely; but, in case the said Emma Maria C. Johnson should depart this life without leaving a child or children, or descendants of a child, living at the time of her decease, then the said trust property and premises shall go to my cousin, the said William Worthington Johnson, absolutely."

The will was dated April 12, 1880, and was duly executed to pass real estate. The testatrix died December 7th, 1881, unmarried and without issue.

Emma M. C. Johnson executed her last will and testament on the 23rd of August, 1887, and died April 22, 1891, unmarried and without issue. By her will she devised and bequeathed, after the payment of her debts and funeral expenses, all her property to her mother, Maria M. Johnson. After the death of the testatrix, the life tenant, Emma M. C. Johnson received the rents and profits of the property until her death. William Worthington Johnson, the remainderman under the will, died on the 14th of October, 1886, intestate, unmarried, and without leaving issue, but left an only sister, Emma M. C. Johnson, and Maria M. Johnson, his mother. The latter died in January, 1889.

Upon this state of facts, the question then is, do the heirs at law of William Worthington Johnson, the remainderman, take the interest in the property which he would have taken had he survived the life tenant, Emma, or did it descend to his sister Emma, who was living at the time of his death, and pass under her will to her mother, Maria M. Johnson?

Here there is, first, a life estate given to Emma Johnson, and a remainder is limited with a double aspect—if she left

children then to them in fee, if she left none, which contingency actually happened, then the devise is to Wm. Worthington Johnson.

It is well settled that contingent estates of inheritance will pass by descent and are also devisable. *Reid vs. Walbach et al.*, 75 *Md.*, 205.

But while this is true, and it is unnecessary to refer to the cases or to discuss the principles upon which they rest, yet it is also clear that those, only, can take who were *in esse* at the time when the contingency happened, and the estate falls into possession. Justice STORY, in the case of *Barnitz's Lessee vs. Casey*, 7 *Cranch*, 456, states the rule thus: "It is very clear that contingent remainders and executory devises at common law are transmissible to the heirs of the party to whom they are limited, if he chance to die before the contingency happens." It was held in that case, that those who were heirs of the remainderman on the 12th of February, 1808, the date of the happening of the contingency, were entitled to the estate, though he had died in 1802, six years before the contingency happened. And to the same effect are the cases of *Spence vs. Robins*, 6 *G. & J.*, 512; *Sniveley vs. Beavans et al.*, 1 *Md.*, 222; *Buck vs. Lantz, Trustee*, 49 *Md.*, 444; *Demill vs. Reid et al*, 71 *Md.*, 190; *Goodright vs. Searle*, 2 *Wilson*, 34. Applying, then, this well established doctrine to the facts of the case now under consideration, we are clearly of the opinion that as the contingency—the death of the life tenant, Emma, without children—did not occur until five years after the death of the remainderman, she could not be heir, or take, or transmit any interest in the estate by will or otherwise. She was not *in esse* when the contingency happened, and when the estate fell into possession. Being dead, she could neither inherit nor devise it. The property, therefore, passed to those of William Worthington Johnson's heirs alive at the happening of the contingency, viz., the death of Emma M. C. Johnson, unmarried

and without issue. The plaintiffs' prayers were therefore properly rejected. The first prayer was defective because it proceeded upon the theory that when the remainder-man, William, died on the 14th of October, 1886, his contingent interest passed to his sister Emma, and, uniting with her life estate created a fee which was transmissible by will to her mother, and passed from her to the plaintiffs. This, for the reasons we have given, was error. The second prayer involves the proposition that the estate devised to the trustee was executed by the Statute of Uses, the life tenant, Emma M. C. Johnson, being an unmarried woman, that thereby the said Emma became the owner of the legal life estate therein, and the fee was vested in the heir at law of the testatrix, Maria E. Weise. This prayer, for the reasons we have assigned, was also erroneous.

The first, second, third and fourth prayers of the defendant were properly granted, and contained the correct propositions of law bearing upon the case.

The fifth prayer granted on behalf of the defendant instructed the jury that there was no legally sufficient evidence in the case to entitle the plaintiffs to recover. This prayer was correct, and was properly granted under the facts of the case. The judgment below being for the defendant, and finding no error in the rulings of the Court, we shall affirm the judgment.

*Judgment affirmed.*

(Decided 14th March, 1894.)