# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 28, 1896.

JAMES D. WARFORD, ET AL.,

VS.

JAMES REANEY, SR.

*A. H. Taylor, George Savage, W. R. Townsend, Howard Bryant, E. J. Koontz, L. T. Appold, Schmucker & Whitelock* and *E. P. Keech, Jr.,* for parties in interest.

DENNIS, J.—

This case involves the construction of the following clause in the will of Rachel Colvin, viz: "I give and devise unto Richard Colvin Warford and his heirs my house and lot and premises situated at the corner of East Baltimore and Exeter streets, in trust, however, for the sole and separate use of Cornelia Ann Warford, the daughter of David Warford, during her natural life, and from and after the death of the said Cornelia Ann Warford, I give and devise the said lot of ground and premises to the right heirs of the said Cornelia Ann Warford forever."

Cornelia Ann Warford was a *feme sole* at the time the will went into effect, but subsequently married one Taylor, who predeceased her, and she died a widow, leaving a will of her own, by which she disposed of the property in question as if it was a fee-simple estate; and under this will the defendants claim.

The question is, did Cornelia Ann Warford take a fee-simple estate under the will of Rachel Colvin?

If the rule in Shelley's case applies, she took such an estate; otherwise she took only a life estate.

It is not denied that if the first estate to the trustee, viz: "for her sole and separate use," was an equitable estate, that the rule does not apply, as the remainder is unquestionably a legal estate, and the two estates must be of the same character before they can coalesce under the operation of the rule. But, if the first estate was a legal estate by reason of having been executed under the Statute of Uses, then the two estates merge, under the rule, and Cornelia Ann Warford took a fee-simple.

Was, then, the estate in the trustee for "the sole and separate use" of the said Cornelia, executed under the statute, and. thus made a legal estate? If she had been a married woman, it is clear, since the case of Ware vs. Richardson, 3 Md. 505, that no such result would have followed; because that case decided that a trust for the sole and separate use of a married woman, even though no active duties, in the ordinary sense of the term, be imposed on the trustee, will not be executed under the Statute of Uses, but the trust will be sustained; inasmuch as at common law there was no other way of preserving the estate for the sole benefit of the *feme*, as against her husband, and this fact alone necessitates the presumption of some active duties in the trustee.

And when the devise is for "the sole and separate use" of a woman who is unmarried, but words are used showing a contemplation of marriage, the trust will be upheld, in order to carry out the intention of the testator, which will be presumed to have been to protect the estate of the *feme* from the prospective husband. Schouler, Husband and Wife, Sec. 197; 2 Perry on Trusts, 653.

Upon principle, and in view of these authorities, it is difficult to conceive why, if the words "for her sole and separate use," are sufficient to preserve the trust against a present husband, as

well as against one "in sight," they should not have the same effect against a possible future one; for they are utterly meaningless, unless they indicate such intention upon the part of the testator; and if such be his intention, it will be respected and the trust will be maintained.

And notwithstanding certain expressions in Ware vs. Richardson, I think the above conclusion is sustained by our Court of Appeals, in the following cases: Waters vs. Taswell, 9 Md. 291; Shreeve vs. Shreeve, 43 Md. 382; Handy vs. McKim, 64 Md. 560; Garrison vs. Hill, 79 Md. 75.

*As to the "corner lot."* The defendants claim title to it, under a sale made in pursuance of a decree passed in the case of Taylor, et al., vs. Colvin, et al., in this Court in the year 1867.

The jurisdiction of the Court is to be determined by the scope and prayer of the bill; and I am of the opinion that the Court was wholly without jurisdiction to pass the decree under which that sale was made. It is conceded that such is the fact, unless the allegations of the bill brought it within the Act of 1862, Ch. 156; and an examination of the bill and proceedings in that case satisfy me that it is not within the provisions of that Act. The main and substantially the sole purpose of the will, as must be evident from a perusal of the whole of it, and the subsequent proceedings, was for the purpose of having a sale or lease, of the property, in order to discharge the debt which Mrs. Taylor and the "presumptive remaindermen" had incurred on account of the previous litigation about the estate.

It is true, there were some allegations, and one phrase of the prayer for relief, by which it was sought to bring it within the operation of the Act of 1862; but it is, to my mind, manifest that this was, if not a subterfuge, yet a wholly secondary consideration, to induce the Court to take jurisdiction in a case where, without such allegations, it would have been confessedly without jurisdiction.

It is by the *true theory* and *scope* of the bill that the jurisdiction is to be determined; and, in that case, I am of the opinion that the Court had no jurisdiction of the subject-matter, and, consequently not even the parties defendant were bound by the decree.