## CIRCUIT COURT OF BALTIMORE CITY.

Filed December 7, 1926.

### ELIZABETH C. JENKINS, ET AL., VS. L. J. TORMEY, ET AL.

*Charles McHenry Howard* for plaintiffs.

*Randolph Barton, Jr., Marbury, Gosnell & Williams, James R. Brewer, Jr., Bowie & Clark, Harry M. Benzinger* and *Thomas Foley Hiskey* for defendants.

FRANK, J.—

Alfred Jenkins died in 1875, leaving him surviving seven children, of whom five, Alfred Jenkins, Jr., Robert H. Jenkins, Ellen M. Tormey, Annie Shriver and Elizabeth L. Jenkins are beneficiaries under the residuary clause of their father's will. By this residuary clause, the testator left all of his residuary estate in trust in five equal shares, one each to go absolutely to his said two sons and one share to be held in trust for each of his said three daughters. The question involved herein arises out of the provision for the benefit of his daughter, Elizabeth L. Jenkins, one-fifth of said residue is to be held by his trustees for the use of said Elizabeth during her life, "and from and immediately after the death of my said daughter, Elizabeth Jenkins * * * then in trust for the child or children of my said daughter * * * But in case my said daughter * * * shall depart this life without leaving a child or children or descendants &c * * * then in trust that the said last mentioned one-fifth part of my estate and property aforesaid shall go to and become the property of my two sons, Alfred Jenkins, Jr., and Robert H. Jenkins, and my daughters, Ellen M. Tormey and Annie Shriver, their executors, administrators and assigns, absolutely to be divided among them as tenants in common share and share alike."

Elizabeth L. Jenkins died on April 4th, 1925, unmarried and without issue. By her will, she left her residuary estate to her executor in order that a corporation might be formed for the purposes prescribed by said will.

Robert H. Jenkins, one of the five beneficiaries, under the residuary clause of the will of Alfred Jenkins as above set out, died on May 15th, 1920, unmarried and without issue. By his will, he provided as follows: "all my estate and property of whatsoever kind and wheresoever situated of which I may die seized and possessed, or of which I may have power to dispose by will, I give, devise and bequeath to my sister, Elizabeth L. Jenkins, absolutely."

It thus appears:

1. That Robert H. Jenkins would become entitled to a one-fourth part of one-fifth of the residuary estate of Alfred Jenkins, upon the death of his sister, Elizabeth L. Jenkins.

2. That he predeceased his said sister.

3. That by his will he left his entire estate to his said sister.

Three questions are thus presented for determination:

First: Was the interest so provided to go to Robert H. Jenkins upon the death of Elizabeth L. of such character as that it would pass under his will?

Second: If so, is the language of his said will sufficiently comprehensive to include his said interest?

Third: As Robert H.'s interest could only vest in possession upon the death of Elizabeth L., could such interest pass under her will, when it could vest only at moment of her death?

First. In my opinion, the interest of Robert H., under the residuary clause of Alfred Jenkins' will, was a contingent remainder to a designated person and as such descendible and devisable.

Fisher vs. Wagner, 109 Md. 243, 247 and fol.; Jenkins vs. Bonsal, 116 Md. 629, 636; McClurg vs. Myers, 129 Md. 112, 119; Rosenzwog vs. Gould, 131 Md. 209, 214.

The language used, "shall go to and become the property of my two sons &c., absolutely to be divided among

them as tenants in common share and share alike" confers an absolute estate "in case * * * said daughter shall depart this life without leaving a child, or children or descendants," and would have no greater force and effect imparted to it by the addition of the words "I give, devise and bequeath," as contended herein.

The opinion in Reilly, Trustee, vs. Mackenzie, Trustee, decided June 28th, 1926 (Daily Record, July 22nd, 1926), must be read in connection with the facts in that case. The contingent estate therein involved was to vest in the remainderman only *should he be living at the time of the death of the life tenant* and not as under the will of Alfred Jenkins to go to the remainderman absolutely upon the death of the life tenant without leaving issue. The difference seems to be a clear and substantial one as bearing upon the intention of the testator. Judge Adkins' language in distinguishing Reilly vs. Mackenzie, supra, from Fisher vs. Wagner, supra, seems to turn upon this difference in language.

The interest of Robert H. Jenkins under the residuary clause of his father's will came into being upon the latter's death. Its vesting in possession was contingent upon the happening of a future event. That, however, did not prevent it from being devisable and I hold that it passed under the will of Robert H. Jenkins.

Second. The language of the will of Robert H. Jenkins, above quoted, is very broad, at least as broad as that found in the wills in Fisher vs. Wagner, supra, and Jenkins vs. Bonsal, which are held comprehensive enough to carry contingent remainders.

Third. Robert H.'s contingent interest vested only upon Elizabeth's death. He devised it to her. It obviously could not vest in her possession after her own death.

Therefore, it is argued:

(a) that Robert H. could never have intended such an interest to pass by his will; and

(b) that even did he so intend, such interest could not legally so pass.

(a) As to this contention, it is enough to say that the intention of a testator is that to be found in the language of his will.

Schapiro vs. Howard, 113 Md. 360, 368; Smith vs. Smith, 113 Md. 496, 501,

&c. If the language used is broad enough to cover property which the testator did not even know he owned, it will pass thereunder.

Dalrymple vs. Gamble, 68 Md. 523, 528.

We can not assume that because Robert H. may have known that his contingent interest could not vest during the lifetime of Elizabeth L., he, therefore, did not intend the all embracing effect of his devise and bequest to her to include that interest. The language used must be given its plain effect.

(b) The authorities seem clearly to hold that a contingent remainder may be validly devised to the life tenant upon whose death alone the remainder may vest.

Perin vs. Perin, 139 Md. 281, 292 and cases therein cited; Hill vs. Purdy, 46 App. D. C. 495, 502; Morse vs. Proper, 82 Ga. 13, 16 and fol.; Collins vs. Smith, 105 Ga. 525; Dubose vs. Kecl, 105 S. C. 89, 97; Hollowell vs. Manley, (N. C.) 102 S. E. 386.

I hold, therefore, that the one-quarter of the one-fifth contingent interest left to Robert H. Jenkins by the residuary clause of the will of his father, Alfred Jenkins, passes under Robert H. Jenkins' will and under the will of Elizabeth L. Jenkins. I shall sign a decree accordingly.