THOMAS GITTINGER, ET AL. *v.* FARMERS AND MECHANICS' NATIONAL BANK, TRUSTEE, ET AL.
MARY W. WORMAN, ET AL. *v.* SAME
RUTH G. GAITHER, ET AL. *v.* SAME

[Nos. 28, 29 and 30, April Term, 1942.]

*Decided May 27, 1942.*

The cause was argued before SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Leo Weinberg* and *Walter E. Sinn* for Gittinger and others, and Mary W. Worman and others, appellants in Nos. 28 and 29.

*Jacob Rohrback,* with whom was *T. West Claggett, Jr.,* on the brief, for the appellants. Ruth G. Gaither and others.

*Parsons Newman* and *Richard E. Zimmerman* for the appellee, Hugh V. Gittinger, in all three cases.

MARBURY, J., delivered the opinion of the Court.

Henry M. Gittinger, a well-to-do citizen of Frederick County, died testate on June 17, 1923, leaving surviving him a widow, but no children. He was himself the son of a second marriage. At the time of making his will, which was December 13, 1921, he had living two sisters of the whole blood, or full sisters, as he calls them in his will, and one full brother. He also had living a half sister, and descendants of another deceased half sister, and descendants of a deceased half brother.

By his will, he gave his wife his home property and

household furniture; he gave his two full sisters two dwelling houses; he directed his executors to sell the balance of his property, and of the proceeds he gave to his wife $18,000; to his full brother $5,000; to each of his full sisters $3,000; and to his half sister $1,000. Then by paragraph VIII, he attempted to dispose of the rest and residue of his estate, and inasmuch as that paragraph is the one which is the reason for these cases being before us, we quote it in full.

"VIII. I give, devise and bequeath all the rest and residue of my estate to the Farmers' and Mechanics' National Bank of Frederick, a body corporate, and its successor or successors, In Trust, however, for the following purposes, that is to say, to hold, invest and reinvest the same and to collect the interest, income and profits thereof and to pay the net proceeds semi-annually to my said wife for and during her natural life, and in trust that from and immediately after the death of my said wife this trust shall cease, and said trustee shall pay unto my nieces, Mildred J. Fogle, Helen B. Zimmerman, Ruth Gaither and Ann Rebecca Gittinger (daughters of my brother Samuel J. Gittinger) and my nephew Hugh V. Gittinger, each the sum of Five Hundred Dollars (making the sum of $2,500 to said five persons) and the balance of the property of said trust estate shall become the property of my full brother Samuel J. Gittinger and my full sisters Clara M. Gittinger and Laura C. Gittinger, equally, and if any of them be dead at the time of the termination of said trust, then to the survivor of survivors of them equally."

The life tenant under this clause, Susan F. Gittinger, died August 15, 1941. There is no dispute that out of the trust fund the specific bequests to his four nieces and his nephew totaling $2,500 are now payable. The question is what is to happen to the balance of the trust estate. The corporate trustee asks for instructions, it appearing that all three of the remaindermen predeceased the life tenant.

To find the intention of the testator, his whole will must be examined as well as the specific portion which is to be construed. The testator in this case appears to have been chiefly concerned with providing for those of his own

generation who were then living, his wife, his full brother, his two full sisters, and his half sister. His wife received much the larger share, but his full brother and his two full sisters are given immediate gifts of considerable value, and then the remainders in the trust estate. The half sister is only given a bequest of $1,000, and none of the half nephews and nieces are remembered at all. The general intention of the testator therefore appears to be to provide for his closest living relatives.

We turn to paragraph VIII of his will to ascertain whether the testator indicated therein a definite time for the vesting of the remainders, given by this paragraph to three of his relatives. If he did, that indication must prevail. If he did not, then there are certain rules of construction to be followed, which are fully set out in a recent decision of this court. *Robinson v. Mercantile Trust Co.*, 180 Md. 336, 24 A 2d 299, 138 *A. L. R.* 1427.

The clause creating the remainders directs that the balance of the trust estate shall become the property of the three remaindermen equally. If the will stopped there, there would be no question. There is, however, an added clause, which states what is to happen to the share of each one if he or she is dead at the time of the termination of the trust, and who is to get it in such case. The question, therefore, resolves itself into whether this added clause creates a condition precedent to the vesting of the remainders, or whether it is a condition subsequent, upon which the remainders may be divested.

A testator must be presumed to have drawn his will in the knowledge that it will be construed in accordance with the usual and ordinary rules of interpretation. There are several aspects in which a condition attached to a remainder may be viewed. It may be looked at from the standpoint of form; or from the standpoint of location in the will; or from the standpoint of the time in which it must be fulfilled. Considering first the question of form, the testator might readily have given the property to his full brother and his two full sisters and the survivor or survivors of them who might be living at the death of the

life tenant. He did not do this, and we cannot write his will for him. Since he did not do it, it is a fair presumption that by what he said he intended to do something else. He first gave the property to the three named remainder-men, and then provided what should happen to the share of each of them if certain conditions existed at the death of the life tenant. Those conditions are conditions of termination and not of initiation.

Again looking at the condition from the standpoint of its location in the will, we find the common-law rule to be that if the conditional element is incorporated into the description of, or into the gift to the remainder-man, then the remainder is contingent; but if after words giving a vested interest a clause is added divesting it, then the remainder is vested. *Gray, Rule Against Perpetuities,* 4th Ed., Sec. 108.

There is yet another point of view which is important, and that is when the condition must be performed. The rule is that if the act or condition required does not necessarily precede the vesting of the estate but may accompany or follow it, and may as well be done after as before the vesting, then the condition is a subsequent one. *Miller, Construction of Wills, paragraph* 216, page 596.

A striking illustration of the operation of this rule is found in *Re Stickney's Will,* 85 Md. 79, 81, 36 A. 654, 655, 35 *L. R. A.* 693, 60 *Am. St. Rep.* 308. There the testator gave his property to the Congregational Church Building Society, and then stated: "I expressly hereby require as a condition of the vesting of this legacy" that the residuary legatee should release certain claims it had against certain churches. Notwithstanding these words, this court held that the acts constituting the conditions of the legacy were capable of being performed at the time of, before, or after the vesting of the bequest, and that the releases could be executed at any of these times. The conditions were held to be subsequent and not precedent on these grounds. See, also, *Ellicott v. Ellicott,* 90 Md. 321, 45 A. 183, 48 *L. R. A.* 58.

The condition in the present case is that if any of the named remaindermen be dead at the termination of the trust, then the estate left to such remaindermen goes to the survivor or survivors of the named remaindermen equally. That condition can only obtain at the termination of the trust, and the coming into possession of the remainders, but it does not necessarily precede the vesting of the estate. It may follow or be co-incident with the vesting.

Here, then, we have a condition added to a remainder, placed in a clause subsequent to that in which the gift is made, and embodying a situation which may occur at the time of the vesting of the estates, but does not necessarily precede such vesting. The form in which it is written, its location in the will, and the time at which it may come into existence, all lead to the conclusion that it is a condition subsequent and not one that must precede the vesting of the remainders.

The testator fixed the time of the defeasance "at the time of the termination of said trust." That is the time at which the divesting, if any, is to occur. That is the time at which there must be some one of the three remaindermen in being to profit by any defeasance. An Act of God intervened in each case: i. e. the death, prior to the time of divesting, of all of those who were authorized to take. In each case, therefore, there was at the time when the condition subsequent might operate, an impossibility of its performance. Since the conditions subsequent did not arise, the estates were discharged from the possibility of defeasance, and became indefeasible in the original named remaindermen. *Lee v. Waltjen,* 141 Md. 450, 119 A. 246; *Kiser v. Lucas,* 170 Md. 486, 504, 185 A. 441.

It is urged that the last of the three remaindermen to die became entitled to the whole estate, because he was the last survivor of the three remaindermen. The difficulty with this view is, that at the time fixed by the testator for the operation of the condition, he was not alive and in a position to receive the estate. The testator fixed the time

of survivorship and it must be determined as of that time. As the last living remainderman was not alive at that time, he could not receive his sisters' estates, even if they had predeceased him.

It has also been strongly urged by others claiming to be interested, that notwithstanding these rules of interpretation, the condition must be held to be precedent because of the use of certain words which this court has in other cases held to indicate the testator intended a late vesting. One of these words is "then." Another is "survivor." The effect of such an interpretation would be to create a partial intestacy, which is not favored by the law. It is particularly in disfavor in cases where there is a residuary clause in a will. Apart from the question of intestacy, however, it will be noted that these words are not in the clause making the gift, but are in the later clause naming the conditions. Isolated words without regard to their location or their content cannot be held to indicate an intention when a contrary intention is shown by other and paramount considerations. As this court said, speaking through Chief Judge McSherry in the case of *Marshall v. Safe Deposit Co.,* 101 Md. 1, 6, 60 A. 476, 477: "The same word has often different meanings ascribed to it in different cases, in order that the apparent testamentary intention might be given effect in each."

The court below, by its decree, directed that the balance of the property of the trust estate should be divided into three equal parts, two to be distributed to the residuary devisee and legatee of one of the remaindermen, she being the residuary devisee and legatee under the will of the another. The other one equal part was to be distributed one third to the widow of the third named remainderman, and two thirds in equal shares to his four children. From what we have said, it follows that this decree distributes the residue in accordance with the views we have expressed, and therefore, it will be affirmed.

*Decree affirmed. Costs to be paid out of the estate.*