SAFE DEPOSIT & TRUST CO., Trustee *v.*
JOHN L. SANFORD, et al.
JOHN L. SANFORD, et al. *v.* SAFE DEPOSIT &
TRUST CO., Trustee

[Nos. 31 and 32, October Term, 1942.]

*Decided January 12, 1943.*

The cause was argued before BOND., C. J., SLOAN, DELAPLAINE, COLLINS, and MARBURY, JJ.

*Edward H. Burke,* with whom were *Bowie & Burke* on the brief, for the appellant in No. 31 and the appellee in No. 32.

*John L. Sanford, Jr.,* and *John C. Weiss,* with whom was *John L. Sanford* on the brief, for the appellee in No. 31 and the appellant in No. 32.

SLOAN, J., delivered the opinion of the Court.

The appellee, John L. Sanford, filed a petition, in the nature of a bill of complaint, that the interest of his

deceased son, David Hoyle Sanford, in the estate of the latter's grandaunt Catherine C. Lanahan, be decreed to him, as the sole heir of his son. The property involved had come to the son by the will of his grandaunt, Catherine C. Lanahan. By the eighth item of that will, one-twelfth of the residue of her estate had been left to her niece, M. Jennings Sanford, wife of the petitioner, in trust to N. Charles Burke, for her life, "and from and immediately after the death of the said M. Jennings Sanford, in further trust shall be held by my said trustee, his heirs, executors, administrators, and assignees, or his successor or successors, for the period of twenty-one years after the death of the said M. Jennings Sanford, for the following uses and purposes, that is to say, to collect and pay over the net interest and income to the child or children of said M. Jennings Sanford, his, her or their heirs; the issue of any deceased child of the said M. Jennings Sanford, if such issue there be living at her death, to take and have that portion of the interest and income to which the parent of such issue would, if living, have been entitled; and from and immediately after the period of twenty-one years from the death of the said M. Jennings Sanford, said trust shall cease and terminate, and said one-half of one equal sixth part of the rest, residue and remainder of my estate as aforesaid shall then vest in and become the absolute property and estate of any child or children of the said M. Jennings Sanford, his, her or their heirs, executors, administrators and assigns, if more than one as tenants in common; the issue of any deceased child of the said M. Jennings Sanford, if such issue there be living at her death, to take and have the part, share or portion to which the parent of such issue, if living at the time, would have been entitled."

The testatrix, Catherine C. Lanahan, died February 13, 1920. Her niece, M. Jennings Sanford, nee Carroll, died November 1, 1927, leaving surviving, her husband, John L. Sanford, the petitioner, to whom she was married

December 7 ,1909, and four or five children, a son, John L. Sanford, Jr., born November 13, 1910, a daughter, Anne Iglehart Sanford, born December 19, 1911, now wife of Daniel B. Dugan, a son William Lanahan Sanford, born April 12, 1919, all living, and a son, David Hoyle Sanford, born July 22, 1917, who died, unmarried and intestate November 19, 1941, and whose interest in his grandaunt's estate is involved in this proceeding.

There was one other provision of the will which was presented, and another question as to parties, which will be later considered.

Both sides agree that the intention of the testator should prevail as against what the maker of the will should have done, and that the law favors the early vesting of estates, recently decided with controlling influence in *Newlin v. Mercantile Trust Co.*, 161 Md. 622, 158 A. 51; *Mazziotte v. Safe Deposit & Trust Co.*, 180 Md. 48, 23 A. 2d 4; *Robinson v. Mercantile Trust Co.*, 180 Md. 336, 24 A. 2d 299, 138 *A. L. R.* 1427; *Gittinger v. Farmers & Mechanics National Bank,* 180 Md. 640, 26 A. 2d 414; in which the cases in this State were cited and reviewed.

The only question argued on this item is whether the one-fourth of the twelfth interest of David H. Sanford was vested or contingent. If vested, then it would go to his father as his sole heir. Code, 1939, Art. 93, Sec. 135. If contingent, it would go back to the estate, there to be distributed to the decedent's heirs and next of kin. The chancellor held it to be vested in interest, for it could not be vested in possession unless and until he arrived at the expiration of twenty-one years after the death of his mother. David H. Sanford was over two years of age when the testatrix died and ten years of age when his mother, M. Jennings Sanford, died. So, there could be no possible question about his capability of taking either period under any construction of the will or codicils. There is no question of class or survivorship. The gift to David Hoyle Sanford was to a person

*in esse* at the time of the death of the testatrix and definitely fixed and identified by the words of the eighth item of Mrs. Lanahan's will, so that his interest in trust by that item did not depend on any contingency or survivorship. *Wilson v. Pichon*, 162 Md. 199, 159 A. 766. He was one of four who, though not named, would take on the death of their mother, Mrs. Sanford. As said in *Newlin v. Mercantile Trust Co.*, 161 Md. 622, 158 A. 51, 57: "It is generally held that, in the absence of a clear indication of a contrary intent, the time at which the membership of a class is fixed and determined, and at which the respective interests of its members become vested, and assume the character of a tenancy in common, is at the death of the testator. 13 *A. L. R.* 616; *Alexander on Wills*, Sec. 880."

What the four children took was the corpus of the trust fund set up by the testatrix for their mother, subject to the payment of the income to each of them of one-fourth of the interest and income therefrom to them for the period of twenty-one years, at the expiration of which, they would come into the active and actual possession of the corpus, and the trust would cease. It created a defeasible estate, but defeasible only as to the *cestui qui trustent* of the twenty-one-year trust. The nature of their estate is defined in *Devecmon v. Shaw*, 70 Md. 219, 16 A. 645, in which the opinion of Chief Judge Alvey was adopted as the opinion of this court. What was said in an opinion by Judge Parke in *Hans v. Safe Deposit & Trust Co.*, 178 Md. 52, 63, 12 A. 2d 208, 213, we think is applicable here: "Nor does the fact that the interest of the grandchild [here grandnephew] in being is defeasible or determinable by the death of the grandchild before the determination of the precedent particular life estates prevent the interest of the grandchild from being vested. It merely makes the share vested in a defeasible or determinable interest, instead of in an absolute one."

The appellant's (trustee's) chief reliance seems to be upon the case of *Poultney v. Tiffany*, 112 Md. 630, 77 A.

117, and that case was decided upon the authority of *Larmour v. Rich,* 71 Md. 369, 18 A. 702. In *Poultney v. Tiffany,* the will said the trustee should pay the net proceeds to his wife during the term of her natural life, "and in trust that from and immediately after the death of my wife, this trust shall cease, and the property shall then become the property of all my children, in equal shares or portions, and their respective heirs, executors, administrators and assigns, the child or children of any deceased child in all cases to take the share of the parent." It was there held that the rule of early vesting, that is, at death of the testator, could not prevail as against the words that at the death of the life tenant, "the property shall then become the property of all my children," and applied only to those children who survived her, and that their identity could not be established until then. *Larmour v. Rich* involved the construction of a will of a one-tenth of his estate and a deed of trust of a one-half interest in a leasehold for the benefit of a daughter, Rebecca A. Miller. It was provided that immediately after her death, the corpus of the trusts should "descend to and become the property of the children the said Rebecca A. Miller now hath, and the child or children she may hereafter have," "the issue of any deceased child * * * to take and have the part" "to which the parent of such issue would, if living, be entitled." It was held that this created contingent remainders which could only vest in the children of Mrs. Miller surviving her.

In the case of *Poultney v. Tiffany,* it is said in the opinion that the appellants relied upon the construction in *Cox v. Handy,* 78 Md. 108, 27 A. 227, that the remainders vested on the death of the testator. But this court distinguished them mainly on the ground that William W. Handy, the testator, had named all of his children in the will, a fact that is generally conclusive of the intention not to exclude. *Wilson v. Pichon, supra.*

The answer to the tests of identity and vesting here to be decided, we think, are expressed in the opinion of Judge Offutt in *Newlin v. Mercantile Trust Co., supra,* and of Judge Parke, in *Hans v. Safe Deposit & Trust Co., supra,* already quoted. We find sufficient and satisfactory authority and precedent for saying that in this case the one-fourth interest of David Hoyle Sanford was a vested interest in the corpus of the trust with which we are here concerned, not only at the death of Mrs. Lanahan, the testatrix, but also when his mother died, and when he died.

The other, and next, most important question is whether his father, John L. Sanford, takes as his heir, under the sixth item of the first codicil to Mrs. Lanahan's will.

The sixth codicil revoked the ninth item of the original will, which created a trust for the benefit of the testatrix's nephew, Harry deChantel Carroll, who had died. By item six of the codicil, she augmented the first, second, third and fourth items of her will, by the corpus of one-half of item nine, and as to the other half that her trustee shall "pay over the net income thereof for the sole, exclusive, and separate use equally to my grandnieces and grandnephews living at the time of my death during their respective lives; and from and immediately after the death of each grandniece and grandnephew said trust shall cease and terminate as to him or her, and his or her portion shall vest in and become the absolute property and estate of any child or descendants thereof, he or she may leave, if more than one as tenants in common; the issue of any deceased child, if such issue there be living, to take and have the part, share or portion to which the parent, of such issue if living at the time would have been entitled."

David Hoyle Sanford was one of the fourteen grandnephews and grandnieces living at the death of the testatrix and entitled to one-fourteenth of the income as long as he lived and his children and their issue as long

as they lived. His father, as his sole heir, now claims one-fourteenth of the corpus of this trust. On what theory we are at a loss to understand; he answers none of the descriptions of those entitled to any of the benefits of this item six of the first codicil. He is neither "child or children or descendants thereof." Whatever claim he has must be derived from this item of the will. The appellee trustee demurred to this claim or contention as alleged in the petition, and the demurrer was sustained, holding that this legacy had lapsed, and the chancellor in his opinion cited *Restatement, "Trusts,"* Sec. 411; 65 *C. J., Trusts,* Sec. 151; *Miller, Construction of Wills,* Secs 159, 160, 161; and *Rosenthal v. Miller,* 148 Md. 226, 230, 231, 129 A. 28, which we think, support such a conclusion.

Much of the argument of the appellant was that the other three children of M. Carroll Sanford and the other grandnieces and grandnephews of the testatrix could or should have been made parties to this proceeding. Technically it may be right, but practically wrong. Code, 1939, Art. 16, Sec. 203. There is not a right of one of them that has been violated or affected. The two brothers and the sister of David Hoyle Sanford are not concerned in the disposition of his interest under item eight; they are not his children or descendants; they are not his heirs, so long as their father, John D. Sanford, lives. Nor do they answer the description of those who take as survivors of their brother, under the sixth item of the first codicil. The same can be said of the other grandnieces and grandnephews of the testatrix. Under Section 203, Article 16, any of them could have applied to be made parties, or the court on its own volition could have so ordered. None of them would or could have complained if they could see the vigor and ability by which they were actually represented. If we remanded the case to bring in all parties interested or concerned, this court would be called on to decide as we are here the same question as to which we now express our opinion.

The decree of the chancellor was:

1. That the trustee, appellant, pay to John L. Sanford, individually and as sole heir of his son David Hoyle Sanford, the income of the latter's one-fourth of item eight, for the balance of the twenty-one-year period, and at its expiration, the corpus.

2. That the trustee pay to John L. Sanford, as administrator of his deceased son, the income on his one-fourth interest in item eight to the will, and on the sixth item of the first codicil to November 19, 1941, which is uncontested.

3. That the corpus of one-fourteenth of item six of the first codicil be paid to the heirs at law and next of kin of the testatrix, as the corpus of a lapsed legacy, with all of which we agree.

The trustee appealed generally, and the petitioner to so much of the decree as denied him the share of his son, David Hoyle Sanford, in the corpus of one-fourteenth of the sixth item of the first codicil.

From what we have said, the decree appealed from should be affirmed. As the result attained is the same as if the trustee had asked for a construction of the will and codicil occasioned by the death of David Hoyle Sanford.

> *Decree affirmed, costs in this court to be divided between the estate and the said John L. Sanford.*