KEYSER ET AL. *v.* CALVARY BRETHREN CHURCH

[No. 111, October Term, 1948.]

*Decided March 10, 1949.*

The cause was submitted before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Edward Oswald, Jr.,* for the appellants.

Submitted on brief by *Martin V. B. Bostetter* for the appellee.

MARBURY, C. J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Washington County, construing Paragraph 4 of the

will of Martha J. Uhler, and directing the executor of her estate to distribute to the appellee the bequest of $1,000 contained in that paragraph. The case was brought by the executor, and the residuary legatees, who were parties defendant below, are the appellants here.

The testatrix died on May 14, 1942. By the 4th paragraph of her will, which is the one here in question, she made the following bequest: "4th. I hereby give, devise and bequeath unto The Calvary Brethren Corbett Street Chapel (Rev. A. M. Dixon Pastor) the sum of one thousand ($1,000.00) Dollars for the building of a Church to be held in trust for a period of five years, if they do not build within five years then this returns to my estate."

The residue of the estate was given to the three appellants.

The Calvary Brethren Church (the present name of the legatee) purchased a lot of ground by contract of sale dated June 11, 1947, securing the deed on July 2, 1947, and started the construction of a church on this lot by the excavation of the basement on July 25, 1947. A building permit was applied for on August 4, 1947, and the permit was granted on August 14, 1947. In December, 1947, the congregation began meeting in the basement. The building has not been completed. All of this was done more than five years after the death of the testatrix.

The testimony of the Rev. Mr. Dixon, pastor of the church, showed that the church had bought three other lots on July 12, 1943, within the five years, upon which it had intended to build a church. Subsequently the present lots upon which the church was built were bought, the church authorities thinking them a more desirable location, and the other lots were sold. The United States Government had restricted the use of building materials on April 9, 1942, and those restrictions were not lifted until June 30, 1947. Mr. Russell B. Keener, a contractor of Hagerstown, was consulted by the building committee of the church with reference to building on the three original lots, some time in the winter of 1946-47. In

January of 1947, Mr. Keener testified that he consulted the Federal Housing Administration's office, and was advised that a permit would not be granted, until materials were more available. No formal application was made, but it seems to have been clear that steel and lumber, which were necessary for the construction, could not have been gotten during the period between April, 1942 and June, 1947, without a priority granted by the War Production Board. No application was made for such priority, but Mr. Keener had made an application for another church during the period in question, this being for some interior decoration. This application had been rejected at first, but was subsequently approved, because some of the materials were located in the town, and were given for the purpose. The work done on the other church did not require the use of any steel.

We have first to determine whether the condition attached to the bequest in the 4th paragraph of the will is a condition precedent or a condition subsequent. That depends, of course, upon the intention of the testator, but if a gift is first given and then a condition is added by later words, such condition is generally held to be one of termination and not of initiation. *Gittinger v. Farmers & Mechanics' National Bank,* 180 Md. 640, pages 643-644, 26 A. 2d 414. The decisions in this respect are an outgrowth of the principle that the law favors the early vesting of estates. *Lee v. Waltjen,* 141 Md. 450. The wording of the bequest in this case clearly indicates that the testatrix intended that the church should get the $1,000, but if it did not build within five years, the money should return to her estate. That is the way she stated it, and the use of the word "return" indicates that the condition attached to the gift was subsequent and not precedent.

Since the condition subsequent was not strictly complied with, the appellants contend that there should be a forfeiture. It requires a clear case to justify a court in striking down a bequest, and the grantee is generally relieved from the performance of the condition if it is im-

possible or if it is prevented by an act of God, or if, on a contingency which arises, a reasonable construction of the will does not call for strict performance. *Gray v. Harriet Lane Home for Invalid Children,* 192 Md. 251, 64 A. 2d 102; *Kaiser v. Lucas,* 170 Md. 486, and cases there cited, *Gittinger v. Farmers & Mechanics' National Bank, supra.* In the case before us, we think it quite clear that the condition could not have been performed within the five years because of the impossibility of getting materials with which to build. We cannot suppose that the testatrix intended that such a condition should defeat her express desire that the appellee build a church. It started to build such a church as soon as it could, and has now constructed one, at least to the extent that services may be held in it.

The law governing impossible conditions subsequent with respect to legacies is set out in *Page on Wills,* Vol. 3, Sec. 1284, p. 762, as follows: "Where a condition subsequent becomes impossible, the general rule is that an estate granted upon such condition becomes absolute and can never be divested, unless the will specifically provides for divestment if performance becomes impossible, in which case it is a part of the condition and the gift is defeated by such event."

In *Tiffany, Real Property,* 3rd Ed., Vol. 1, Sec. 195, p. 318, it is stated: "Ordinarily, however, a condition which is referred to as impossible and as therefore void, is one which is not in itself impossible, but is merely impossible or impracticable because of the particular circumstances of the case. It would seem, however, that it is ordinarily more satisfactory to regard the grantee or devisee in such case as relieved from the necessity of performance of the condition, not because performance is impossible, but rather because, on a reasonable construction of the condition, it was not intended to call for performance in the contingency which has arisen."

and, on p. 319: "A condition which is legally impossible of performance without violation of law may ordinarily

be regarded as invalid by reason of illegality rather than of impossibility."

We conclude that, from either of these points of view, the church is relieved from compliance with the condition subsequent. The testatrix could not have intended to require performance in the contingency that arose, and the church could not have performed without a violation of law. Indeed, it may be doubted if it could have performed at all, because, had it attempted to proceed without a permit, and had it been able to get the materials needed without priorities, the construction undoubtedly would have been promptly stopped by action of the authorities.

Our decision, therefore, is that the condition of the bequest was subsequent and not precedent, that there was an impossibility of performance within the meaning of the decisions, and that the appellee was thereby relieved from a strict compliance with the five-year limitation. The decree, therefore, will be affirmed.

*Decree affirmed, with costs.*