# H. FANNIE KEYS ET AL. *vs.* ELIZABETH R. KEYS ET AL.

*Transfer of Possibility—Enforcement in Equity—Family Settlement—Laches.*

While at common law the transfer of a mere possibility or expectancy, not coupled with an interest, is void, nevertheless a person expecting to receive property by distribution or descent may make a transfer of the expectancy to a third person, which transfer, if supported by a sufficient consideration, will be valid and enforceable in equity, especially when the transfer is in the nature of a family settlement and free from fraud or unfair dealing.                           pp. 400, 401

A deed by the children of an intestate by his first wife, to his second wife, of any interest that might thereafter accrue by descent to said grantors by reason of the death of any of the children of the intestate by his second wife, the grantee, *held* enforceable in equity as a contract to convey, it being in the nature of a family settlement, it being made upon a fair and adequate consideration, and the rights of third persons not being involved.                           pp. 401, 402

The transfer of a possibility of acquiring property by descent may be enforced, as a contract to convey, by the heirs or next of kin of the transferee, as against the heirs of the grantor and all others claiming through him.                    p. 402

Where, after the transfer of the possibility of acquiring land by descent from certain persons, one of such persons died intestate, the fact that the grantee or her successors in interest delayed for twelve years to bring suit in equity to enforce the contract implied in the transfer, *held* not to show laches on their part, they being in possession of the land, and the transferors not claiming any interest in the land until shortly before suit was actually instituted.                                   p. 402

*Decided May 15th, 1925.*

Appeal from the Circuit Court for Montgomery County, in Equity (URNER, C. J.).

Bill by Elizabeth R. Keys and others against H. Fannie Keys and others. From a decree for plaintiffs, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., ADKINS, OFFUTT, PARKE, and WALSH, JJ.

*Marion Duckett* and *T. Howard Duckett,* submitting on brief, for the appellants.

*Robert Peter, Jr.,* for the appellees.

WALSH, J., delivered the opinion of the Court.

The sole question presented in this appeal is whether a grant in a deed of a possible future interest in the land described in the deed operates as a contract, which can be specifically enforced in equity, to convey said interest when acquired.

The testimony, which is undisputed, discloses that Charles M. Keys died intestate in 1874, seised and possessed of a hundred and fifty acre farm in Montgomery County, and

leaving surviving him his widow, Martha A. Keys, and ten children, four of these children being the offspring of his first wife, and the other six being the children of his widow.

By deed dated April 10th, 1879, the first set of children, in consideration of the sum of two thousand dollars, conveyed all the interest they then had in their father's farm to his widow, which deed contained the following clause:

> "And the said parties hereto of the first part in addition to granting to the said Martha A. Keys all their vested interest in the foregoing described land do also grant unto her any and all interest that might hereafter accrue to them or either of them in the event of the death of any, all or either of the six children of the said Martha A. Keys now living under the laws of inheritance or descent."

All of these six children are living, except Frank R. Keys, who died in 1911, intestate and unmarried. Two of the four grantors in the above mentioned deed died prior to 1911; the third grantor, Charles F. Keys, died in 1914, intestate and leaving surviving him his widow and certain children and grandchildren, who are the appellants in this case; and the fourth grantor, Clara May Houghton, died in 1920, leaving a last will and testament in which her husband was made her sole devisee. Martha A. Keys, the grantee in the deed of April 10th, 1879, died intestate in 1918, leaving the appellees as her heirs at law and next of kin. The uncontradicted testimony further shows that the two thousand dollars paid in 1879 by the grantee to the grantors constituted a fair, adequate and sufficient consideration for both the vested and expectant interests of the grantors in the land in question.

In 1923 the appellees filed a bill in the Circuit Court for Montgomery County, in equity, against the widow and heirs at law of Charles F. Keys, and the sole devisee of Clara May Houghton, asking that they be required to convey to the appellees "any interest they inherited mediately or immediately from said Frank R. Keys" in the land involved in

this case. Subsequent to the filing of the bill of complaint, Wilson H. Houghton, the surviving husband and sole devisee of Clara May Houghton, deceased, conveyed all his interest to the appellees, and the suit was dismissed as to him.

The other defendants, the appellants here, filed a demurrer to the bill, the demurrer was overruled, and upon the failure of the defendants to file an answer within the time allowed, a decree *pro confesso* was entered against them, testimony was taken, and a final decree passed granting the plaintiffs the relief prayed. The defendants thereupon appealed.

Our attention has not been called to any case in Maryland in which the precise question presented by this appeal has been decided, and we know of none, but the action of the learned court below in construing the above quoted grant in the deed as a contract to convey, and in decreeing specific performance of that contract, is supported by the great weight of authority both in this country and in England.

At common law the transfer of a mere possibility or expectancy, not coupled with an interest, is void. *Qui non habet, ille non dat. In re Bank's Will,* 87 Md. 425, 440, *et seq; Hamilton v. Rogers,* 8 Md. 301, 315 to 320; *Jackson et al. v. Bradford,* 4 Wend. 619; *Stevens v. Stevens,* 181 Mich. 438, 148 N. W. 225; *Hart v. Gregg,* 32 Ohio St. 502; *Tate v. Greenlee,* 141 Tenn. 103; 5 C. J. 852. But it is established by the decided preponderance of authority that a person expecting to receive property by distribution or descent may make a transfer of the expectancy to a third person which will, if supported by a sufficient consideration, be valid and enforceable in equity. This rule is stated in the following form in *McDonald v. McDonald,* 58 N. C. 211, 75 Am. Dec. 434: "Thus it is said, and the assertion is well sustained by the authorities both in England and in this country, that, 'chancery will give effect to the assignment of a mere expectancy or possibility, not as a grant, but as a contract entitling the assignee to a specific performance, as soon as the assignor has acquired the power to perform it.'" And see also *Brown v. Brown,* 66 Conn. 493; *Walker v. Walker,*

67 Pa. St. 185, 195; *Ridgeway et al. v. Underwood et al.,* 67 Ill. 419, 428 *et seq; Clendenning v. Wyall,* 54 Kan. 523; *Bacon v. Bonham,* 33 N. J. Eq. 614; *Hoyt v. Hoyt,* 61 Vt. 413, 17 A. L. R. 601, note; 8 R. C. L. 1058 to 1062; 5 *C. J.* 854 *et seq.; Pomeroy's Equity Jur.* (2nd ed.), sec. 1287. And where the assignor and assignee are members of the same family, and the transfer is in the nature of a family settlement, the courts, in the absence of fraud or unfair dealing, are now practically unanimous in upholding the validity of the transaction. *Hoyt v. Hoyt, supra; Curtis v. Curtis,* 40 Me. 24, 63 Am. Dec. 651; *Lewis v. Madison,* 1 Munf. (Va.) 303; *Pomeroy's Equity Jur.* (4th ed.), 1737, sec. 850; *Bispham's Principles of Equity* (8th ed.), 342.

While, as we said above, no case has been found in Maryland which decides the exact point involved in this appeal, this Court, in the case of *Schapiro v. Howard* ,113 Md. 360, 377, in holding that a contingent remainder, limited to a definite class, could be assigned in equity if the assignment was made for a valuable consideration, announced the following general doctrine: "Where a deed is based upon a substantial and valuable consideration, and the grantor, in return for such consideration, attempts to convey property thereafter to be acquired, a court of equity will enforce a conveyance in a proper case, but where the consideration is merely nominal, equity will not interfere." See also *Cooke v. Husbands,* 11 Md. 492; *Leupold v. Weeks,* 96 Md. 280, 289; *Hamilton v. Rogers, supra.*

In the present case there was a fair and adequate consideration paid for the transfer, and the conveyance by which it was made included the vested as well as the expectant interests of the grantors. The transaction was also a family settlement. The deed was made to the mother of those from whom the grantors might have inherited, and the evident purpose of the conveyance was to give the grantee and her children the complete title to the property, and to prevent any part of that title from passing back to the grantors in the event of the death of any of the grantee's six children

during infancy, or intestate after becoming of age. The rights of third persons are in no way involved in the matter, and the rule adopted in some jurisdictions, that transfers of this sort cannot be made without the knowledge and consent of the ancestor, clearly has no application to the present case.

These circumstances bring the transaction well within the rule established by the authorities heretofore cited, and we have no hesitancy in holding that the grant was properly construed as a contract which the appellees were entitled to have specifically enforced in equity.

The appellants, in their brief, question the right of the heirs and next of kin of the grantee to enforce the contract against the widow and heirs of one of the grantors, but we do not think this contention has any merit, and the appellants cite no authorities in support of it. Whatever rights the grantee took under the deed would certainly pass, upon her death intestate, to her heirs or next of kin, and the authorities all hold that a transfer such as we have in this case is binding on the heirs of the grantor, and on all others claiming through him. It is even good as against the grantor's judgment creditors and his assignee in insolvency. *Stover v. Eycleshimer,* 46 Barb. 84, affirmed in 3 Keyes (N. Y.) 620; *Peterborough Sav. Bank v. Hartshorn,* 67 N. H. 156, 17 A. L. R. 612, note. And see also *Steele v. Frierson,* 85 Tenn. 430. Nor do we think the doctrine of laches can be successfully invoked against the appellees. It is true that Frank R. Keys, one of the grantee's six children, died in 1911, and that the right to a specific performance of the contract implied in the deed existed from that time, but it seems apparent from the record that the grantee and the appellees were in possession of the property during all this time, and there is no evidence that the appellants claimed any interest in it until shortly before the bringing of this suit. Under such circumstances laches has no application to the appellees.

For the reasons heretofore given, the decree appealed from will be affirmed.

*Decree affirmed, with costs to the appellees.*