COLUMBIA BUILDING COMPANY *v.* CEMETERY OF THE HOLY CROSS.
[No. 60, January Term, 1928.]

222

*Decided April 18th, 1928.*

The cause was argued before Bond, C. J., Pattison, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*John M. Requardt,* with whom was *Harry E. Parkhurst* on the brief, for the appellant.

*Thomas Foley Hisky,* with whom was *Thomas N. Copenhaver* on the brief, for the appellee.

Offutt, J., delivered the opinion of the Court.

James Dolan on May 1st, 1862, executed to the Associated Professors of Loyola College in the City of Baltimore, a cor-

poration, the Trustees of the Orphans' Home of Baltimore City, a corporation, and Bernard L. McManus, rector of St. John's Roman Catholic Church in Baltimore City, a bond for the conveyance of a tract of fifteen acres and thirty-three square perches of land lying in what was then Baltimore County, but is now a part of Baltimore City, on the east side of the Harford Road, "to be held and used by the obligees in this bond, their representatives and assigns as a cemetery for the burial of deceased Catholics on such terms and under such obligations as the said corporations or Bernard J. McManus, may hereafter agree on and prescribe."

On February 28th, 1863, the obligees named in that bond executed a deed conveying the land described in it to the Cemetery of the Holy Cross, a corporation, "subject nevertheless that the payment of the purchase money therefor, as set forth in said bond of conveyance, the said lands to be held and used by the Cemetery of the Holy Cross, and its assigns as a cemetery for the burial of deceased Catholics on such terms, under such regulations and as the Cemetery of the Holy Cross, may hereafter agree upon and determine."

On January 25th, 1927, the Cemetery of the Holy Cross, by its contract under seal, agreed, in consideration of $25,000, the conveyance of another smaller lot of ground to it, the construction of certain streets, alleys, and ways, and the improvement of a part of its remaining property, to grant to the Columbia Building Company a part of the land which it acquired under the deed last referred to, and to convey it in fee simple by a good and merchantable title to the purchaser.

The vendee refused to consummate the sale on the ground that the vendor was unable to give it a good and merchantable title in fee simple, and, on January 5th, 1928, the vendor filed in the Circuit Court of Baltimore City its bill of complaint to compel the vendee to specifically perform its contract for the purchase of the property.

The defendant answered, and in due course the case was heard upon the bill, exhibits, answer and an agreed statement of facts, and a decree entered requiring the defendant

to specifically perform its contract for the purchase of the property. This appeal is from that decree.

The sole question presented by the appeal is whether the statement, which appears in both the bond and the deed, that the whole tract, of which the land described in the contract of sale is a part, is to be held and used for cemetery purposes, affects the merchantability of the vendor's title. The appellant contends that it does, upon the ground that the language referred to created a trust, and that upon the diversion of the property from the purposes of the trust it will revert to the heirs of Dolan, the obligor named in the bond of conveyance. The appellee contends that it does not, (1) because it holds the land in question in fee simple by adverse possession, and (2) because whether or not the language quoted created a trust the sale is in aid of and not in violation of the purpose of the grant, and that the language does not create a condition which can derogate from the quality of its title as an estate in fee simple.

The facts of the case are not disputed and may be found in the pleadings, and in an agreed statement of facts, and from these sources it appears: (1) That a part of the whole tract never used for purposes of sepulture was condemned by Baltimore City in 1915 in connection with the opening of Wolfe Street from North Avenue to the Harford Road. (2) That the whole tract described in the bond of conveyance was enclosed by the appellee with a substantial fence, and "with the exception of the small strip hereinafter mentioned, from February 28th, 1863, to the present time, has had notorious, adverse, open, exclusive and continuous possession of the property mentioned and described in Plaintiff's Exhibits No. 1 and No. 2, and which includes the land mentioned in the contract of sale in this cause, Plaintiff's Exhibit No. 3"; that the opening of Wolfe Street left a small strip of land binding on it in which no rights of sepulture have ever been granted or any interments made, and which will never be needed for purposes of interment, because by reason of the changed character of the neighborhood the number of removals therefrom greatly exceed the

number of interments therein. (3) "That the physical condition of said cemetery has been and is unsightly and greatly in need of care and improvement and the chapel therein is going to ruin, and the general condition of said cemetery has been the subject of strong and urgent complaint from the neighbors living around said cemetery; that the plaintiff has been and is in need of money for cleaning up the cemetery ground, for repairing the road ways thereof, and for repairs to the chapel building in said cemetery which chapel is in a woeful state of ill repair and in danger of total decay, and the sale of said land will provide the funds necessary for the repairs and maintenance of said cemetery and will thereby be advantageous to the plaintiff." And (4) that from 1863 to the present time appellee's title to the property mentioned in the contract of sale has been undisputed.

The contention that the appellee holds the land by adverse possession presents no difficulty. It is undisputed that, from the time it entered into possession of the land at least until the condemnation of a part of it for the opening of Wolfe Street in 1915, it held and used it in strict and literal compliance with all the terms, both of the bond of conveyance from Dolan and of the deed from McManus and others. The hostile possession necessary to a title by adverse possession only begins when a right of action accrues to the true owner (*Tiffany on Real Property*, par. 506), and if the language affecting the use of the property created, as appellant contends, a condition subsequent, then no right of action accrued until there was a breach of that condition, and since there was nothing which could possibly be construed as a breach of it prior to the date of the contract of sale, no right of action accrued in favor of the persons to whom the title would revert, and the possession of the appellee never was hostile to whatever rights they may have had in the property. The case of *Rydzewski v. Grace P. E. Church*, 145 Md. 535, cited by the appellee, presents facts wholly different from those involved in this case, for there the church entered into

possession under a void deed, and the adverse character of its possession rested on that fact. And that is true also of the cases of *Gump v. Sibley,* 79 Md. 165; *Zion Church v. Hilken,* 84 Md. 170; *Regents v. Calvary Church,* 104 Md. 635; *Dickerson v. Kirk,* 105 Md. 638, cited in *Rydzewski v. Grace Church, supra.*

But the second proposition of the appellee, that it holds an indefeasible title in fee simple to the land in question under the deed from McManus and others, is in our opinion sound. The right of the grantors in that deed to convey the property is conceded, so that the only objection which could be raised to the title conveyed by it to the appellee is that the proviso, that occurs both in the bond of conveyance and the deed, that the land conveyed is to be "held and used" for cemetery purposes creates a condition subsequent, the violation of which will work a forfeiture of the title. It must be conceded that the decisions of this court on that question are not in complete harmony, but its later decisions, and the rule generally prevailing elsewhere, are to the effect that such a proviso does not create a condition subsequent, but that at most it is a covenant on the part of the grantee, and has no effect upon the character of the grantee's estate in the land or the merchantability of its title thereto. *Devlin on Deeds,* pars 968, 970, 978, "Conditions tending to destroy estates are not favored in law," and are construed strictly against the vendor, and if the language relied upon to create the condition will bear any other reasonable construction, that construction will be adopted (8 *R. C. L.* 1110), although, since there is nothing unlawful in such a condition, where the language clearly and unmistakeably indicates an intention to create it, the intention controls. In the case of *Reed v. Stouffer,* 56 Md. 236, the court construed a deed to trustees conveying a lot of ground "to be used as a burial ground," and further providing that any house erected thereon should be used as a place of worship. It held that the land must be used in strict conformity "to the terms of the deed," and that should it be diverted from those uses it would revert to the heirs

of the grantor. The same kind of a case was presented in *Second Universalist Society v. Dugan,* 65 Md. 460, where the land was conveyed to trustees by a deed which contained in its habendum clause a proviso that it was for "the use of the society of Christian people called Quakers * * * to inclose and keep the same for a burying place * * * and also to erect or build a meeting house * * * for the worship of Almighty God," and for no other use whatever, and that, too, was held to create a condition subsequent.

These cases, as noted in 19 *L. R. A.* 264, appear to be in conflict with the weight of authority elsewhere, and in *Faith v. Bowles,* 86 Md. 13, where the court was dealing with the effect of a provision, in a deed to Washington County, that the land conveyed was granted "for a public school house * * * and for no other purpose in fee" the court distinguished the two earlier cases on the ground that in them the legal title "vested in the trustees for the purpose of the trust," and held that the language used in the deed to Washington County was not sufficient to create a condition subsequent, and in reaching that conclusion it cited and relied upon *Rawson v. Inhabitants,* 7 Allen Mass. 129, in which the prevailing doctrine is analyzed and stated in an exhaustive opinion by Bigelow, C. J. In *Kilpatrick v. Baltimore,* 81 Md. 179, where land was conveyed to the City of Baltimore to be used as a public street, the court again distinguished *Reed v. Stouffer, supra,* and *Second Universalist Church v. Dugan, supra,* and held that that language did not create a condition subsequent, and fully approved and adopted the views expressed in the opinion in *Rawson v. Inhabitants, supra.* In reaching that conclusion the court relied upon *Newbold v. Glenn,* 67 Md. 489, where the question was whether a provision in a deed conveying land to trustees for the uses and purposes and subject to the trusts created by an ordinance which provided that the land be acquired for the use of McDonogh Institute created a condition subsequent, and it was held that it did not. In *Baltimore v. Day,* 89 Md. 554, the question was whether a clause in a deed conveying certain riparian rights to the City of

Baltimore, stating that the conveyance was for the purpose of maintaining a pure water supply for the inhabitants of that city, created a condition subsequent, and the court held that it did not. In *Starr v. Starr M. P. Church*, 112 Md. 185, in dealing with the same general question, this court said: "That words in a grant or devise indicating the use to which the property is to be applied, do not of themselves create a condition, has been repeatedly held by this court, without encroaching upon the doctrine announced in *Reed v. Stouffer*, 56 Md. 236, cited by the appellant, where the property was conveyed to trustees to be held by them in trust for a certain use. *Newbold v. Glenn*, 67 Md. 491; *Kilpatrick v. Baltimore City*, 81 Md. 195; *Faith v. Bowles*, 86 Md. 18; *Baltimore City v. Day*, 89 Md. 555."

In *Rydzewski v. Grace P. E. Church, supra*, it was contended that a provision in the habendum clause of a deed that the property described in it was conveyed "for the purpose of erecting thereon a memorial church and chapel to be held forever as a place of worship in connection with the Protestant Episcopal Church of the State of Maryland," created a condition subsequent, but the court rejected the contention on the ground that "the mere fact that the deed to the Vestry of Grace Church declared that the property was to be used for a certain purpose does not make the estate conveyed an estate on condition. This question is fully discussed and is disposed of in *Newbold v. Glenn*, 67 Md. 489; *Faith v. Bowles*, 86 Md. 13; and *Baltimore v. Day*, 89 Md. 551; and in the case of *Starr v. Starr M. P. Church*, 112 Md. 185, this court said: 'That words in a grant or devise indicating the use to which the property is to be applied, do not of themselves create a condition, has been repeatedly held by this court, without encroaching upon the doctrine announced in *Reed v. Stouffer*, 56 Md. 236, * * * where the property was conveyed to trustees to be held by them in trust for a certain use.'" It further held, on the authority of *Mather v. Knight*, 143 Md. 612, and *Baltzell v. Church Home*, 110 Md. 274, that, since the conveyance was for the purposes for which the grantee was incorporated,

that it did not create a trust. The conclusion reached in these later cases is undoubtedly in harmony with the great weight of modern authority, although the reasons for it cannot be said to be very clear or definite, and they vary in different cases. But the most satisfactory ground appears to be that, where the language relied upon does not clearly indicate an intention on the part of the grantor that the land is to revert if diverted from the declared uses, it will, in deference to the principle that the law regards conditions subsequent with disfavor, be construed as amounting to no more than an expression of personal trust and confidence that the grantee will use the property so far as may be reasonable and practicable to effect the purpose of the grant, and not as a condition subsequent or restraint upon the alienation of the property. 19 *L. R. A.,* p. 262, note; *Devlin on Deeds,* par. 978; 8 *R. C. L.* 1110, note 12, Deeds, par. 171; cases collected in notes, 83 Am. Dec. 676.

In this case the land was granted to a corporation created for the establishment and maintenance of a cemetery "to be held and used as a cemetery," but it contains nothing which indicates an intention on the part of the grantors that in the event changed conditions made it unwise or impracticable to continue to use the land or any part of it as a cemetery that it should revert to the heirs of the grantor if not so used, and it amounts to no more than an expression of the confidence which the grantors had, that the grantee would use the property for that purpose so long as it was reasonable and practicable to do so, and is not in our opinion enforceable as a trust (*Rydzewski v. Grace P. E. Church, supra*), nor as a condition subsequent (*Ibid.*), nor as a covenant, and does not constitute a cloud on the appellee's title.

And since it is conceded that the title is in all other respects good and merchantable, and that the appellant has no other defense, it follows that the decree appealed from will be affirmed.

*Decree affirmed, with costs.*