McMAHON ET AL. *v.* THE CONSISTORY OF ST. PAUL'S REFORMED CHURCH ET AL.

[No. 61, October Term, 1949.]

*Decided January 12, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*F. Neal Parke* and *D. Eugene Walsh,* with whom were *Sherman P. Bowers* and *Charles O. Fisher* on the brief, for the appellants.

*Theodore F. Brown* and *A. Earl Shipley* for the appellees.

GRASON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court for Carroll County, in Equity, overruling a demurrer to an amended bill of complaint. The matter arose under the third paragraph of the will of John T. Orndorff, deceased, and the sixth paragraph of the codicil thereto. The will was executed on the 5th day of October, 1893, and the codicil on April 19, 1894.

By the third paragraph of the will the testator devised to his wife, Laura S. Orndorff, certain property in Westminster "to hold during the term of her natural life or widowhood; and at her death or remarriage, whichever shall first occur, I give and devise the same to, and the same shall vest in, The Consistory of St. Paul's Reformed Church at Westminister, * * * in trust to use. and apply the income and rents thereof solely to the payment of the salary of the Minister or pastor in charge of said St. Paul's Reformed Church; but should said income and rents be at any time used for or applied to any other purpose than the one herein specified, then this devise to said 'Consistory' shall at once become void and said trust shall then also at once cease and determine, and said property in this paragraph mentioned shall then immediately vest absolutely in my said three children, or their respective heirs *per stirpes* as tenants in common, in fee simple. * * *."

By the sixth paragraph of the codicil the testator annexed a further condition:

"* * * to my devise and bequest to The Consistory of St. Paul's Reformed Church as set forth in the Third paragraph of my said Will, the said Consistory shall keep in proper repair, clean and in good condition, my

Cemetery lots in Krider's Cemetery near Westminister, Md., as long as said Consistory shall receive the proceeds of said devise or bequest."

The will and codicil thereto were duly admitted to probate by the Orphans' Court of Carroll County on May 1, 1894. The widow did not remarry, and enjoyed the life estate bequeathed to her for many years. At her death the Consistory took possession of the property mentioned in the third paragraph of the will and applied the rents and profits of the same to the payment of the salary of the pastor of the church and to the upkeep of the lots in the cemetery referred to.

The property mentioned in the third paragraph of the will comprised three lots, with a building on each lot, one of which was a home and continued to be used as such by the widow until her death.

The Consistory alleges that these properties have become greatly in need of repair and that it would require considerable expenditures to repair the same; that the rents and profits from the same have declined over the years, and that it has entered into three separate contracts for the sale of the properties, subject to the approval of the court, and it would be to the benefit and advantage of the Consistory to consummate these contracts and invest the proceeds arising from the sales and to use the income derived therefrom towards the payment of the salary of the minister at said church, and the upkeep of the cemetery lots referred to.

A demurrer was sustained to the original bill and an amended bill filed, which was demurred to, and the demurrer was overruled, which resulted in the appeal in this case.

The plaintiff in the amended bill is the Consistory of St. Paul's Reformed Church of Westminster, Carroll County, Maryland, a body corporate, and the defendants are Ruth N. Orndorff McMahon, Gladys L. O. Miller, Madeline O. Hannon and John Thomas Orndorff (who are the appellants), John A. Bankert and Elsie H. Bankert, his wife, D. Sterling Young and Virgie N. Young,

his wife, (appellee's vendees). The amended bill sets out substantially the matters herein above recited. The last or fourth paragraph of said amended bill is as follows:

"That all of the children of the above named John T. Orndorff, named in his will, have since departed this life, and the above named defendants are all of the children and heirs of said deceased children; namely, the said Ruth N. Orndorff McMahon, being the only child of Elmer T. Orndorff, and the said Gladys L. O. Miller, Madeline O. Hannon, and John Thomas Orndorff, being the only children of the said Clarence G. Orndorff."

The amended bill prayed for the sale of the real estate referred to; that the proceeds thereof be invested under the decree of the court, and the income therefrom applied in accordance with the provisions of the last will and testament of John T. Orndorff. There was a further prayer that the agreements of sale be ratified and confirmed, and for further relief.

The will and codicil and the written agreements for the sale of the respective properties, subject to the approval of the court, were filed with the original bill of complaint, and the amended bill of complaint prays that such exhibits be considered as a part of the amended bill.

The appellants raise a number of points in their brief. They contend that the devise over, after the death of the life tenant, is a determinable, base or qualified fee; that the happening of the event upon which the termination of the determinable fee depends will vest a fee simple absolute in the heirs of the testators; that should the rents and profits from the land devised be used for any other purpose, a fee simple estate in the land would at once "revert" to the three children, or the heirs, of the testator; and that the "reverter" after the determinable base or qualified fee is not within the rule against perpetuities; that the rule of title by prescription or adverse possession does not apply; that the devise to the Consistory did not create a trust, but a defeasible fee

simple estate in the Consistory, which "reverted" to the children or testator's heirs at law upon the happening of the declared conditional limitation; that by the irrevocable election to sell, and its subsequent three sales of all the real property devised, the Consistory has created the condition upon whose existence the termination of its title depended, and the fee simple estate thereupon "reverted", and so vested in the heirs at law of either the testator or the children of the testator, John Thomas Orndorff; that Section 252 of Article 16 of the Code, 1939, relating to sales and conversion of real estate so as to bind parties not in being has no application to real estate devised, and now here in controversy.

The appellees contend that under the will of the testator the church was intended to take a defeasible fee in the land in question, with an executory devise to his children or their heirs; that the property devised in paragraph three of the will can be sold under section 252 of Article 16 of the Code, and that the church is a party in interest authorized by the statute to petition for a sale of the property, and that it may ask that in the making of such sales the court adopt a privately negotiated contract of sale, and that when the property is sold the proceeds will stand in the place of the property itself and the income from the investment thereof will stand in the place of the rent from the property; that the testator made his will in contemplation of the law and the possibility of a sale of the property thereunder; that the application by the church for a sale is not a forfeiture of its estate; that the limitation over to the children of John T. Orndorff or their respective heirs violates the rule against perpetuities and is therefore void.

We do not think that we should decide the questions presented on this appeal unless all persons who may have an interest in the property sought to be sold are made parties to this case. The testator was survived by three children, who are named in his will, namely, Cora Bell, Elmer Thomas, and Clarence Gilbert. The fourth para-

graph of the amended bill averred that these children have since departed this life and that the "above named defendants" are all of the children and heirs at law of said deceased children: "namely, the said Ruth N. Orndorff McMahon, being the only child of Elmer T. Orndorff, and the said Gladys L. O. Miller, Madeline O. Hannon, and John Thomas Orndorff, being the only children of the said Clarence G. Orndorff". It is not alleged that the children of the testator died intestate. So far as appears from the bill, it may well be that one or more of the children of the testator died testate, or made some transfer *inter vivos* of their interest under the will and if such should be the case, under the will or an assignment of a child of the testator the interest of such child might have been devised or assigned to a person or persons who are not the heirs at law of any of the children of the testator, John T. Orndorff. If there should be a person interested in the property here in question, who is not an heir at law of any of the children of the testator and who is not a party to this amended bill of complaint, and we heard and decided this case without having such person before us, we would be depriving such a person of his day in court. *Takacs v. Doerfler*, 187 Md. 62, 48 A. 2d 328; *Walker v. Safe Deposit & Trust Co.*, 192 Md. 695, 65 A. 2d 311-315.

In the absence of such parties we leave open the question whether under the will the children had any transmissible interests or "my said three children, or their respective heirs *per stirpes* as tenants in common" means "my said three children, *if then living*, or their respective heirs *per stirpes then living*, as tenants in common."

For reasons stated, we shall remand the case without affirmance or reversal, to the end that such other person or persons, if any, who may have an interest in the subject matter of this proceeding may be made parties thereto.

*Remanded, with costs to appellants.*