## IN RE CLAYTON'S TRUST ESTATE

[No. 179, October Term, 1949.]

*Decided June 15, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*Clinton Wyatt* and *James A. Perrott,* with whom was *William F. McDonald* on the brief, for appellants.

*James C. Burch* and *Lewin Wethered,* for Barroll and Leary.

*Harry E. Silverwood,* for Baltimore National Bank, Substituted Trustee, etc.

*Horace S. Whitman* and *Thomas F. Cadwalader,* filed a brief in proper person as *amici curiae.*

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a decree, adopting the report of the auditor and master, making distribution of the corpus of the trust estate under the will of Samuel S. Clayton. Samuel S. Clayton died on January 12, 1896, leaving a will, dated August 21, 1895, by which he left the residue of his estate (with exceptions not now material) in trust for his son James E. Clayton and his daughter Nannie Clayton for life, and provided, *inter alia,* "If both my said son James E. Clayton and my said daughter Nannie Clayton shall die without leaving lawful issue living at their death, then and in that event I give, devise and bequeath three fourths of the rest and residue of my estate to the children of my deceased brother, Edward W. Clayton and to Samuel A. Tweedy to be held by them in equal portions—one fourth of said three fourths to each absolutely—* * *." At the time of the execution of the will and at the death of the

testator, there were living three children of his deceased brother Edward W. Clayton, viz., Edward C. Clayton, Hannah A. Sadtler, and Margaret C. Engel. The testator's son, James E. Clayton, died without issue in 1902; his daughter, Nannie Clayton, died without issue in 1946. Edward C. Clayton died in 1925; grandchildren of his are now living. Hannah A. Sadtler died intestate in 1923; her surviving son and other descendants of hers are the appellants. A daughter of Margaret C. Engel is now living.

On December 22, 1915 Hannah A. Sadtler and husband by deed assigned to Elmer E. Leary, for $10,000 paid, all her right, title, interest and estate in all the property passing from Samuel S. Clayton in any way whatsoever and especially under his will. Appellants assert, without any supporting evidence, that in 1915 Hannah A. Sadtler's interest [three-sixteenths] was worth $30,000 and the price of $10,000 was "wholly inadequate". If, as appellants assert, the value of the entire estate then approximated $157,000, a three-sixteenths interest *in possession* would have been worth about $30,000. Measured by the event at least, $10,000 was not an inadequate price for a future interest of $30,000 to be enjoyed after thirty years.

Appellants contend that Mrs. Sadtler's interest was a mere possibility, was not alienable by her, and did not pass by her deed but passed on Nannie Clayton's death in 1946 to Mrs. Sadtler's heirs, *i.e.*, her issue *per stirpes*. The lower court held that her interest was a remainder, contingent not as to the person, but only as to the event, viz., the death of Nannie Clayton without issue, was therefore transmissible by deed, as well as by will, and did pass under the deed of December 22, 1915. The decree accordingly distributed her share to the successors in interest of Elmer E. Leary.

The sole question presented is whether or not Mrs. Sadtler's future interest in the estate of Samuel S. Clayton passed under the deed of December 22, 1915.

A few centuries ago this question might have presented difficulties. It is too late now to raise the question in Maryland.

As Mr. Coe, the auditor and master says, Samuel A. Tweedy and the three children of Edward W. Clayton "took remainders under the will contingent upon the deaths of both of testator's children without surviving issue. All of them died before Nannie Clayton. Since Edward W. Clayton was dead when the will was made, the gift to his children was not a gift to a class. The three children living when the will was made were as certainly identified as if they had been named. *Hammond v. Piper*, 185 Md. 314, 318, 44 A. 2d 756."

Although the common law doctrine that a contingent remainder is a mere possibility, and is not assignable, has not in Maryland, as it has in England and many states, been changed by statute, it has long been settled that a remainder, contingent only as to the event and not as to the person to take, is descendible, devisable and assignable. *In re Banks' Will*, 87 Md. 425, 40 A. 268; *Reilly v. Mackenzie*, 151 Md. 216, 134 A. 502, 48 A. L. R. 778. One author has adversely criticized the application, in *Reilly v. Mackenzie*, of the distinction between a contingency as to the person and a contingency as to the event (*Alienability and Transmissibility of Future Interests In Maryland, Russell R. Reno*, 2 Maryland Law Review, 88, 91-95), but the validity of the distinction and the application of it in the instant case are beyond question.

In *Jones v. Roe*, 3 Term Reports 88, 93 (1789), Lord Kenyon stated the difference between these two kinds of possibilities or contingencies and, referring to executory devises, said, "it was decided by degrees that they were descendible, releasable and assignable." In this respect, there is no difference between executory devises and contingent remainders.

In *Miller v. Williamson*, 5 Md. 219, and *Cooke v. Husbands*, 11 Md. 492, contingent remainders were held assignable. In those cases the remainders were con-

tingent upon survival of the remainderman. A remainder contingent upon the death of a life tenant without issue is no more tenuous and no less assignable than one contingent upon survival of the remainderman.

In *Demill v. Reid*, 71 Md. 175, 190, 17 A. 1014, 1015, the court, by Judge Miller, said, " 'It is settled that all contingent estates of inheritance, as well as springing and executory uses, and possibilities coupled with an interest, where the person to take is certain, are transmissible by descent, and are devisable and assignable.' 4 Kent, Comm. 262". The same statement, in words or in substance, is made in *Fisher v. Wagner*, 109 Md. 243, 253, 71 A. 999, 21 L. R. A., N. S., 121; *Jenkins v. Bonsal*, 116 Md. 629, 636, 82 A. 229; and *McClurg v. Myers*, 129 Md. 112, 119, 98 A. 491. See also *Miller, Construction of Wills*, § 233. *Cf. Tiffany, The Law of Real Property*, (3d Ed.), § 341. To characterize cases above cited as dicta because each case involved only descent, devise or assignment and none involved all three, would be sheer pedantry and would manifest a disposition to find doubt and uncertainty where none exists.

Even if the deed in the instant case were not good at common law, it would be good in equity as a contract, for a valuable consideration, which would be specifically enforced *Schapiro v. Howard*, 113 Md. 360, 377-378, 78 A. 58, 140 Am. St. Rep. 414; *Keys v. Keys*, 148 Md. 397, 129 A. 504. For reasons above stated, it is unnecessary to rest our decision on this ground.

*Decree affirmed, with costs.*