McMAHON ET AL. *v.* THE CONSISTORY OF ST. PAUL'S REFORMED CHURCH ET AL.

[No. 214, October Term, 1949.]

*Decided July 19, 1950.*

*Motion for modification of opinion as to costs, filed August 18, 1950, granted October 5, 1950, and opinion modified so as to make costs payable by the Consistory of St. Paul's Reformed Church, etc., appellee.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*F. Neal Parke* and *D. Eugene Walsh,* with whom were *Sherman P. Bowers* and *Charles O. Fisher* on the brief, for the appellants.

Submitted on brief by *Theodore F. Brown* and *A. Earl Shipley* for the appellees.

MARKELL, J., delivered the opinion of the Court.

This is a second appeal in the case first reported in 194 Md. 262, 71 A. 2d 17. On the first appeal the case was remanded, without affirmance or reversal, to the end that such other persons, if any, who might have an interest in the subject matter might be made parties. After remand, a second amended bill was filed in which it is averred that none of the testator's three children made any *inter vivos* disposition or specific testamentary disposition of his or her interest, if any, in the property in question, and one residuary devisee of one child is made an additional party defendant, the only other residuary devisees of any child being children and grandchildren of the testator who were already parties defendant. Proper parties are thus before us for decision of the questions presented on both the first and second appeals. Like the first appeal, this is an appeal from an order overruling demurrers to the bill—in this instance, the second amended bill.

By the third paragraph of his will, probated in 1894, the testator devised the property now in question to his wife for life or widowhood; "and at her death or remarriage, whichever shall first occur, I give and devise the same to, and the same shall vest in The Consistory of St. Paul's Reformed Church at Westminster, * * * in trust to use and apply the income and rents thereof solely to the payment of the salary of the minister or pastor in charge of said St. Paul's Reformed Church; but should said income and rents be at any time used for or applied to any other purpose than the one herein specified, then this devise to said 'Consistory' shall at once become void, and said Trust shall then also at once cease and determine, and said property in this paragraph mentioned shall then immediately vest absolutely in my said three children or their respective heirs *per stirpes* as tenants in common in fee simple. * * *" By the sixth paragraph of his codicil, probated at the same time, the testator directed "that as a further condition annexed to my devise and bequest to the Consistory of St. Paul's

Reformed Church * * * the said Consistory shall keep in proper repair, clean and in good condition, my cemetery lots, * * * near Westminster, * * *, so long as said Consistory shall receive the proceeds of said devise and bequest." The bill avers that since the death of the widow in 1914 the property has been held by the Consistory and the income therefrom has been applied towards the payment of the salary of the minister or pastor in charge and the Consistory has kept the lots in proper repair, clean and in good condition. The bill alleges that it would be to the benefit and advantage of all parties concerned to have the property sold and the proceeds invested under the direction of the court, the income arising from such investment to inure to the benefit of the parties mentioned in the will, *i.e.*, the income to be paid toward the salary of the pastor in charge. Subject to the approval of the court, the Consistory has entered into three contracts, with named defendants respectively, for sales of portions of the property for $13,500, $13,500 and $15,500, a total of $42,500, less a commission of $2,000. The bill prays (*a*) a decree for sale, the proceeds to be invested, the income to be applied towards the salary of the pastor in charge, in accordance with the will, (*b*) that the contracts of sale be ratified and confirmed in the making of the sale and (*c*) general relief. The defendants other than the purchasers demurred.

Appellants contend, *inter alia*, that: the Consistory's estate in remainder is a determinable, base or qualified fee simple, defeasible upon the Consistory ceasing to apply the income to the salary of the minister or pastor in charge of the church; upon the happening of this event of defeasance, the absolute fee simple estate will immediately "revert"—indeed has already "reverted" upon the making of the contracts of sale—to the heirs of the testator; meanwhile the heirs of the testator have a "possibility of reverter" in the property; this "possibility of reverter" is not subject to the rule against perpetuities.

There can be no doubt as to the nature of the estate which the will purports to give the Consistory. Payment of the salary of the minister or pastor in charge of the church is one of the essential corporate purposes of the Consistory. Though this devise contains the words "in trust", it does not create a trust. There can be no trust when the same person holds both the entire legal estate and the entire beneficial interest in the trust property. The devise is not a devise in trust, but an outright devise in fee simple—on conditional limitation. *Gray v. Harriet Lane Home for Invalid Children,* 192 Md. 251, 264, 64 A. 2d 102, 107, and cases cited. We may, however, assume, without deciding, that at least in the absence of the limitation over (or provision for reverter) the provision for payment of salary might have been construed as a devise to the corporation for a specified one of its corporate purposes, creating not a technical condition subsequent, but a "condition" *sui generis* enforceable by some one (*e.g.,* a member of the Consistory or the church) interested in enforcement of the condition, though the condition created no estate or interest in the property in any one other than the Consistory. *Gray v. Harriet Lane Home for Invalid Children,* 192 Md. 251, 64 A. 2d 102, 109, 111; *Peter v. Carter,* 70 Md. 139, 16 A. 450; cf. *Mayor and City Council of Baltimore v. Peabody Institute,* 175 Md. 186, 200 A. 375. This assumption is immaterial, for the reason, among others, that the Consistory asserts its intention to comply with the provision by applying the income (of the original property or any investment of the proceeds thereof) solely to the payment of the salary of the minister or pastor in charge of the church. The provision in terms is applicable to use of income, not to use or disposition of the original property, and does not prohibit sale for reinvestment.

We find no support, in reason or authority, for appellants' basic contention that in this will the words "shall then immediately vest absolutely in my said three children or their respective heirs *per stirpes* as tenants

in common in fee simple" mean "shall then immediately revert to my heirs at law" [as tenants in coparcenary. *Gilpin v. Hollingsworth*, 3 Md. 190, 56 Am. Dec. 737]. Neither the words nor their context furnish any reason for not giving the word "children" (especially "my said three children", who are "as certainly identified as if they had been named", In re *Clayton's Estate*, 195 Md. 622, 74 A. 2d 1, 2; *Hammond v. Piper*, 185 Md. 314, 318, 44 A. 2d 756) its ordinary meaning and for giving it the meaning of "heirs". Rarely in cases involving the rule in Shelley's case and still more rarely, if ever, in other cases has "children" been held to mean "heirs". In this case, to the contrary, "children or *their* heirs *per stirpes*" [italics supplied] evidently means "children or their descendants." *Perin v. Perin*, 139 Md. 281, 298-301, 115 A. 51. The words "if living" are not implied in a deed or will unless the implication is clear. In this will it is clear that "my said three children, or their respective heirs *per stirpes*" means "my said three children *if then living* or *if any of my children shall theretofore have died,* their respective heirs per stirpes *then living.*" If the words of a deed or will clearly create a determinable fee simple estate, then without further words the absolute fee will revert to the grantor or the testator's heirs upon determination of the fee in the grantee or devisee. Nevertheless express provision for reverter may be made in the deed or will, (*Bogert* on Trusts and Trustees, § 419), and may make it clear that the fee simple estate granted or devised is only a determinable fee and not an absolute fee. *First Congregational Society of Bridgeport v. Bridgeport,* 99 Conn. 22, 121 A. 77; *City National Bank v. Bridgeport,* 109 Conn. 529, 147 A. 181. Cf. *Columbia Building Co. v. Cemetery of Holy Cross,* 155 Md. 221, 141 A. 525.

The terms of this devise do not present the mooted question whether a grant or devise in fee simple may be so clearly determinable upon a contingency that it will then terminate and the absolute fee revert to the grantor or the testator's heirs even though a limitation

over on the same contingency is void, because too remote or for some other reason. It seems to be held in England and in some American jurisdictions that a grant or device may so clearly indicate such an intent that the prior estate in fee will terminate and the absolute fee revert, though the limitation over is void. *Tiffany, Law of Real Property,* (3d Ed.), § 386; *Restatement, Property,* §§ 228, 229, and appendix, pp. 34-36-37-47, "Ineffective Ultimate Interests", and § 47. Some American cases—perhaps Starr v. Starr M. P. Church, 112 Md. 171, 76 A. 595—seem to support the view of Professor Gray (*Rule Against Perpetuities,* § 786) that the prior estate in fee must become absolute if the limitation over is void. We express no opinion on this question. The devise "in trust to use and apply the income" is not a devise in fee "so long as the income is used and applied". If the devise in the *Starr* case did not create a determinable fee (independently of the limitation over), the devise in the instant case does not.

A possibility of reverter, though not an estate, is a vested reversionary interest and therefore is not subject to the rule against perpetuities. *Starr v. Starr M. P. Church, supra,* quoting and following *Brattle Square Church v. Grant,* 3 Gray, Mass, 142, 63 Am. Dec. 725; *Hopkins v. Grimshaw,* 165 U. S. 342, 355-356, 17 S. Ct. 401, 41 L. Ed. 739; *City National Bank v. Bridgeport, supra.* A limitation over is a future estate, by executory devise, and therefore is subject to the rule against perpetuities.

A provision by will that, upon breach of condition, "I then declare this bequest to be void and of no force, and order that said house and land then revert to my estate, and I give the same to my nephew, John Hancock, Esquire, and to his heirs forever", did not leave a possibility of reverter in the heirs of the testator, but did create a limitation over in fee to John Hancock. *Brattle Square Church v. Grant, supra.* In this respect, we see no difference between the will in the instant case and the will in *Brattle Square Church v. Grant.*

Since the limitation over to the testator's "three children or their heirs *per stirpes*" is subject to the rule against perpetuities, it clearly violates the rule. It imposes no limit whatever upon the time within which the future estate shall vest and gives no assurance that it must vest within the period permitted by the rule.

Consequently the limitation over after the fee simple defeasible to the Consistory is void and the Consistory's defeasible fee thus becomes an absolute fee. That is, the Consistory has sole and full ownership of the property. *Starr v. Starr M. P. Church, supra.* What we have said with respect to the provision as to the salary of the minister or pastor is, we think, equally applicable to the condition as to the cemetery lots. That is to say, the "further condition" is subject to the same limitation over as the original provision, and the limitation over being void, the estate of the Consistory is absolute.

There is, therefore, no need or occasion for a decree for sale under art. 16, sec. 252 of the Code. That statute has no application to a sale by a sole owner of his own fee simple property. Cf. *Starr v. Starr M. P. Church, supra,* 112 Md. at page 186, 76 A. 595. Nevertheless the demurrers and the arguments in this court on both appeals show that appellants have denied the Consistory's title and have asserted an absolute fee simple estate in themselves. In the circumstances the Consistory could not sell the property without a judicial decree establishing their title and removing the cloud cast upon it by appellants' claims. In view of the prayer for general relief, we think the second amended bill may be regarded as—or amended so as to become—a bill *quia timet* and under the prayer for general relief the court may decree the usual relief under such a bill, viz., an adjudication that the Consistory has absolute ownership and right of disposition, and an injunction against assertion of appellants' claims by action at law or otherwise.

*Order affirmed, with costs to be paid by*
*The Consistory of St. Paul's Re-*
*formed Church, etc., Appellee, and*
*case remanded.*