ESTATE of John C. POLSTER, Deceased,
Milton A. Polster and J. Paul Rock-
lin, Executors, Petitioners,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.

No. 7940.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 5, 1959.

Decided Jan. 18, 1960.

Morris Fedder, Baltimore, Md. (J. Paul Rocklin and Joel D. Fedder, Baltimore, Md., on the brief), for petitioners.

Sharon L. King, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and I. Henry Kutz, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and R. DORSEY WATKINS, District Judge.

SOBELOFF, Chief Judge.

We are here faced with a controversy as to whether the value of a certain bequest to a religious organization, for a limited purpose, with no provision expressly voiding the gift or distributing it elsewhere upon a contingency, is deductible from the value of the gross estate under Section 812(d) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(d). That section provides a deduction for:

" * * * The amount of all bequests, legacies, devises, or transfers * * * to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * *, or to a trustee or trustees, or a fraternal society, order or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes. * * "

Under the applicable regulations and cases, no deduction is permitted under Section 812(d) for a "conditional bequest" unless the possibility that the religious or charitable beneficiary will not take is so remote as to be negligible. Treasury Regulations 105, Section 8146; Moffett's Estate v. C.I.R., 4 Cir., 1959, 269 F.2d 738.

The decedent, John C. Polster, died a resident of Baltimore, Maryland, in 1952, survived by his wife and two children. Under his will, one-third of all his property was bequeathed to his wife, and the rest was left in trust. The trustees were directed to pay out of the income $200.00 per month each to the son and daughter for the remainder of their respective lives, and in the event the income was insufficient, the net income was to be divided equally between them. It is important to note that in no event was either of the children to receive more than $200.00 per month, or any of the corpus. The testator directed that upon termination of the life estates, $5,000 should be paid out of the corpus to his grandson. He then directed the entire residue to be held:

" * * * in further trust, for the purchase, building and/or construction of church buildings and including locations and land for the building and/or construction of church buildings and structures for the Pentecostal Holiness Church, Inc., in the City of Baltimore and in the State of Maryland. The corpus of said Trust Estate shall be utilized for the above purposes; however, not to exceed twenty-five (25%) percent of the cost of each and every purchase and/or building or construction. None of the Trust Estate shall be used for the purpose of furnishing any of the furnishings of the Church buildings nor for the purchase of organs or similar instruments, nor for the repair, beautification, maintenance, or support of any of said church buildings; nor for the maintenance and support of the minister or ministers of any of said churches."

The Government and the executors of Polster's estate have agreed that the value of the remainder to the Pentecostal Holiness Church is $122,211.00, and the

only issue before us is whether the church's interest is "conditional" because the testator set out the purposes for which it should be used. The Government contends that since the money is to be used only for 25% of the cost of land and church buildings, and since the beneficiary is a relatively small body without large sums of money, the possibility is not remote that it will be unable to pay its 75% share of the cost of a sufficient number of church properties to exhaust the fund. The Tax Court, accepting the Government's theory of the case, held the bequest conditional, and the executors have petitioned for review.

The national headquarters of all of the Pentecostal Holiness Church organizations is in Georgia. In addition to the national headquarters, there are regional conferences to which the individual churches belong. The regional conference which includes the churches in Maryland is called The Maryland Conference. There were, at the time of the testator's death, three individual churches in Maryland belonging to that conference, one in Baltimore, one in Cumberland, and one in Lonaconing. Since Polster's death, two more churches in other Maryland towns have been established. The church in Baltimore is incorporated, although it is not clear whether the others are. The Government in its brief, but not in oral argument, asserted that The Maryland Conference is not incorporated. However, the only evidence that has been called to our attention is the testimony of the superintendent of the conference who

categorically stated that its official title was "The Maryland Conference of the Pentecostal Holiness Church, *Inc.*" The Maryland Conference has accepted the bequest of John C. Polster, declaring that it "will be used as partial payment in the building of new churches in the State of Maryland."

The focal point of the argument before us was whether in fact, there is a possibility not so remote as to be negligible that the beneficiary will be unable to pay 75% of the cost of sufficient land and buildings to consume the bequest.[1] If the outcome of the case hinged upon this factual issue, then it might be necessary to decide whether the beneficiary is the single church in Baltimore, as thought by the Tax Court, or whether the beneficiary is a class consisting of all Pentecostal Holiness Churches in Maryland. If the beneficiary is a class including several churches, then there is a greater likelihood that the entire fund will be used up.

The Tax Court rested its conclusion that the beneficiary was the single church in Baltimore on the fact that the testator had used the language "Pentecostal Holiness Church, Inc., in the City of Baltimore and in the State of Maryland," and on its holding that "the petitioners would be entitled to a deduction under section 812(d) * * * only for a bequest to corporations." This, however, is an erroneous view of the law, as a religious or charitable organization need not be a corporation to qualify under Section 812(d). The second part of that section plainly provides an alterna-

---

1. In addition to the principal argument, that as a matter of fact there is little possibility that the beneficiary will be unable to make use of the bequest, the executors also urge that a Maryland court would, if necessary to save the bequest for the church, apply the *cy pres* doctrine and allow the fund to be spent for others uses of the Pentecostal Holiness Church. Although charitable trusts and their various pertinent principles have been beset with difficulties in their journey toward complete recognition in Maryland, today there are few problems about their validity, and the principle of *cy pres* has been by statute adopted in its entirety. Art. 16, Sec. 196 of the Maryland Code (1957). While we think it very likely that a Maryland equity court would apply the *cy pres* principle in this case, it is not necessary to decide this question, because, as we shall, show, the same result, in effect, has been accomplished in Maryland in case after case through a liberal construction of wills and deeds.

For a history of the development of the law relating to charitable trusts in Maryland, see Charles McHenry Howard, Charitable Trusts in Maryland, 1 Md.L. Rev. 105 (1937).

362

tive: "or to a trustee or trustees * * * if such contributions or gifts are to be used by such trustee or trustees * * * exclusively for religious * * * purposes." The statute contemplates a gift either to a corporation or to trustees for religious purposes. Also, the fact that the testator used the abbreviation "Inc." does not confine the gift to the incorporated church in Baltimore, as that abbreviation is part of the official title of The Maryland Conference. The "Pentecostal Holiness Church, Inc." is used to identify a denomination, not a particular corporation in Baltimore. Because the testator said *"and* in the State of Maryland" rather than "Baltimore, Maryland" and because he spoke of "buildings" and "churches", repeatedly employing the plural form, we think that he meant the beneficiary to be a class consisting of several individual churches throughout the state, affiliated with the Maryland Conference. Even if it were concluded that the testator intended only the particular congregation in Baltimore, because of the view we take of the case, this fact would not be determinative.

There is much merit in the executors' argument that in point of fact it is highly improbable that the entire bequest would not be exhausted. Experience furnishes many examples of institutions that have grown from modest beginnings to great strength in membership and material resources, especially if allowed unlimited time to do so, as here. Moreover the 75% need not come from immediately available money. With a down payment of 25% augmented perhaps by a small amount of cash, the balance could be financed by conventional mortgage loans. It is unnecessary, however, to rest the decision on this issue, as there is an even clearer reason for holding the bequest not "conditional." The reason is that under Maryland law there is virtually no possibility that the bequest would go to anyone else even in the event that the church or churches were unable to use all of it for the stated purpose.

■■ The Government, quite correctly, argues that whether the gift to the charity is conditional, within the meaning of the tax law, "is tested by general and practical considerations of fact arising in each particular case and does not turn upon whether the interest in the property is vested or contingent or whether the condition upon which the bequest depends is precedent or subsequent under technical rules of property law." However, if under state property law there is almost no possibility that anyone other than the named charitable beneficiary will take the gift, then it is not "conditional" as a practical matter. As the Supreme Court said in Morgan v. Commissioner, 1940, 309 U.S. 78, 80, 60 S.Ct. 424, 426, 84 L.Ed. 585: "State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed."

■ There are several different types of interests which might be called "conditional" for tax purposes. Although the technical classification of the interest is not determinative of the tax issue, if, under the controlling state law, the interest we are concerned with falls into *none* of those "conditional" categories but is absolute, with virtually no possibility of its going elsewhere, then Section 812(d) of the Internal Revenue Code of 1939 allows the deduction. It is clear that under the Maryland decisions, this gift falls into none of the conditional categories.

■ A remainder may be conditional because it is contingent, either as to the person or the event. In the present case, the Pentecostal Holiness Church will take the interest upon the death of the life tenants. The remainderman is certain. There is no event, uncertain of happening, which must occur before the church qualifies to take the remainder, so that only the preceding life estates postpone its enjoyment of the interest. See: Bishop v. Horney, 1939, 177 Md. 353, 9 A.2d 597; Hans v. Safe Deposit & Trust Co., 1940, 178 Md. 52, 12 A.2d 208; Safe Deposit & Trust Co. of Baltimore v.

Bouse, 1943, 181 Md. 351, 29 A.2d 906. Accordingly, because the gift here vests immediately, with the only "condition" being that it is to be used for certain purposes (i. e., 25% of the cost of land and church buildings), the Tax Court's finding that the bequest "may violate the rule against perpetuities" is clearly erroneous. It is axiomatic that the rule against perpetuities has no application to vested interests. Moreover, the fact that the trust may extend for an indefinite period, as the beneficiary has an unlimited amount of time to use the funds, causes no difficulty, for Art. 16, Sec. 195 of the Maryland Code (1957) provides:

> " * * * it shall be no objection to the validity or enforceability of such trusts [charitable] or of such gift, deed, bequest, devise, etc., that the beneficiaries of such trust constitute an indefinite class or that such trusts or the limitations under such settlement are limited to extend for a perpetual or indefinite period. * * * "

■ An interest may also be conditional because, though vested, it is subject to being divested by a gift over (i. e., an executory interest). Polster provided for no gift over, but the bequest is an outright one to the charity, to use for certain purposes, with an unlimited amount of time to accomplish such purposes.

■ Finally, a gift may be conditional because there is a chance of its returning to the grantor or his heirs either because the grantor created a possibility of reverter (i. e., a determinable or defeasible interest) or a condition subsequent (i. e., a right of entry or power of termination).

In the present case, there are no words such as "so long as" which by expressly making the bequest determinable, create a possibility of reverter. In McMahon v. Consistory of Saint Paul's Reformed Church, 1950, 196 Md. 125, 75 A.2d 122, 124, the testator devised property to his wife for life, and then "in trust to use and apply the income and rents thereof solely to the payment of the salary of the minister or pastor in charge of said St. Paul's Reformed Church." There was an express provision that if the income be used for any other purpose, "this devise * * * shall at once become void, and said Trust shall then also at once cease and determine. * * * " [2] It was argued that the language of the will voiding the gift if it was not used for the specific purposes created a possibility of reverter, the property automatically reverting to the testator's heirs upon breach of the condition. Nevertheless the court, speaking through Judge Markell, refused to construe this as a determinable interest because of the failure to use the traditional express language creating such interest. The court said:

> " * * * The devise 'in trust to use and apply the income' is not a devise in fee 'so long as the income is used and applied.' If the devise in the Starr case [Starr v. Starr Methodist Protestant Church, 1910, 112 Md. 171, 76 A. 595, also involving a grant to a church upon certain conditions] did not create a determinable fee (independently of the limitation over), the devise in the instant case does not."

In McMahon, the Court of Appeals held that the church took the property absolutely, with the right of disposition.

Although there is no express provision making the gift in the present case conditional upon the use of the property for the stated purposes only, and no language providing for a return to the heirs if the property is used for other

---

2. The will in the McMahon case further provided for a gift over to the testator's children, but the court held this executory interest void as violating the rule against perpetuities. The court pointed out that, although a possibility of reverter is not subject to the rule against perpetuities, an executory interest is. Because the executory interest was there held void, the issue became one of the sufficiency of the language to create a determinable fee.

purposes, the Government and the Tax Court interpret the bequest as implying such a condition subsequent. The controlling decisions completely refute the idea that this gift is subject to a condition subsequent, and make it clear that the bequest is not "conditional" in any legally significant sense. In Gray v. Harriet Lane Home For Invalid Children, 1949, 192 Md. 251, 64 A.2d 102, the bequest was in trust, with the income going to the testator's brother for life, and upon his death the trustee was directed to deliver the corpus to the Home, to be used for two wards, known as "The Contagious Units," one for the treatment of diphtheria and the other scarlet fever. Other restrictions were laid down concerning the number of beds to be used for free patients. There was, however, no express provision for termination upon breach of the conditions, nor language indicating expressly that the gift was void if used for other purposes. Several years later, the institution began treating these contagious diseases in another part of the hospital, and used the two wards for other purposes. Maryland's highest court refused to construe the will as creating a condition subsequent, working a forfeiture, but decreed that the trust fund should be given directly to the Home to be used for their general purposes. In pointing out that it looked with disfavor upon conditions subsequent, and would not imply such a condition in the absence of express language requiring it to do so, the court stated:

"Conditions subsequent are not favored in the law, because the breach of such a condition causes a forfeiture and the law is averse to forfeitures. The Court has held that when the language of an instrument does not clearly indicate the grantor's intention that the property is to revert to him in the event it is diverted from the declared use, the instrument does not operate as a restraint upon alienation of the property. It merely expresses the grantor's confidence that the grantee will use the property so far as may be reasonable and practicable to effect the purpose of the grant. This Court has gone to great lengths in refusing to imply a condition subsequent which would result in a forfeiture. It has gone so far as to say that no condition subsequent will be implied unless there is a gift over or unless there are words indicating an intent that the grant is to be void if the condition is not carried out * * *." Gray v. Harriet Lane Home For Invalid Children, supra, 64 A.2d at page 108.

In the present case, as we have noted, there is no gift over nor is there language declaring the gift void if the beneficiary should not be able to raise 75% of the cost for each church building. The language of the will makes an absolute gift, though it is to be devoted to certain purposes. In speaking of earlier Maryland cases, the court in Gray observed, as to the enunciation of purposes in an instrument:

"* * * The Court of Appeals emphasizes that a deed should not be construed as a grant on condition subsequent solely for the reason that it declares the purpose for which the granted property shall be used. * * * Thus it has been specifically held that a provision in a deed conveying land to a church and indicating the use to which the land is to be applied does not create an estate on condition. Rydzewski v. Vestry of Grace and St. Peter's Church, 145 Md. 531, 125 A. 717." Gray v. Harriet Lane Home, supra, 64 A.2d at page 110.

Another decision very much in point here is Sands v. Church, 1943, 181 Md. 536, 30 A.2d 771, 773 where certain donors, by written instruments, gave interest bearing bonds to a church, the interest to "be used only for the payment of the Ground Rent as it becomes due and said income is not to be used for any other purpose whatsoever." Later, the church contracted to sell the church property subject to the ground rent, and the residuary legatees brought an action to determine the ownership of the bonds

and accrued interest. The plaintiffs argued that a resulting trust back to them arose because the bonds were no longer needed for the purpose intended, and also that an estate on condition was created. Both arguments were rejected by the Court of Appeals, which held the gift absolute. Reiterating the Maryland rule, it pointed out that a grant would not be construed as being "on condition subsequent, solely for the reason that it declares the purpose for which the granted property shall be used. * * *"

■ This unyielding insistence upon language expressly voiding the gift in case of diversion from the declared use is an established Maryland rule in the construction of written instruments; in the absence of language expressly stating that such diversion shall effect a forfeiture, the gift is absolute and not conditional. In the most recent case, Loats Female Orphan Asylum of Frederick City v. Essom, 1959, 220 Md. 11, 150 A.2d 742, 748, the testator devised property in trust to be used as an asylum for female orphans. For many years the property was so used, but later the Orphanage found it impractical to continue the limited use, and brought an action for a declaratory decree allowing it to sell the property free and clear of the claims of the testator's heirs and devisees. In deciding for the Orphanage, the Court of Appeals held that no possibility of reverter (i. e., determinable or defeasible gift) and no right of entry (i. e., gift subject to a condition subsequent) was created by the language in the will limiting the purposes for which the property could be used, as there was no express provision working such a forfeiture. The argument was also addressed to the court that a resulting trust arose because of the failure to use the property for the exact purposes specified, but the court rejected this argument too, saying:

" * * * Whether a resulting trust could be implied, upon a complete failure or abandonment of the purposes of the gift, is a question upon which the cases are not wholly in accord. * * * But this is not the situation here. The directors of the corporation have not disavowed their obligation to carry out the purposes of the will, so far as practicable. * * *"

The beneficiary in the instant case having accepted the bequest for the specific purposes set forth, certainly we, like the Maryland Court of Appeals in Loats, cannot say that the fund will not be used to carry out the testator's intent "so far as practicable." Even if the beneficiary would be unable to raise a sufficient sum to use up the entire bequest for land and buildings, this would not, according to the cited Maryland decision, bring about a resulting trust.

■ Since Mr. Polster's will contained no express provision voiding the gift to the Pentecostal Holiness Church if diverted from the specified purposes,[3] and since there was no gift over upon a contingency, and lastly, the beneficiary having accepted the gift for the purposes set forth, it is clear, under the Maryland decisions, that there is virtually no possibility that anyone other than the charity will take the property. The gift is an absolute one, not conditional, and the claimed deduction should have been allowed.

Reversed and remanded for proceedings not inconsistent with the views expressed in this opinion.

---

3. In Maryland, even where there is such an express provision voiding the gift and stating that it should return to the grantor upon breach of the condition, in some instances the Court of Appeals has refused to uphold the condition. See Keyser v. Calvary Brethren Church, 1949, 192 Md. 520, 64 A.2d 748, where the court held that if subsequent events rendered it impossible to perform the condition, the grant did not fail but became absolute.